GEORGE S. RICHARDSON *vs.* CHARLES STODDER.

After a devise "in trust, to A.," "for the benefit of B., wife of C., to her sole and separate use, and her heirs and assigns forever," took effect, B. died, leaving C. and their two children surviving. *Held*, that B. took an equitable estate in fee during her coverture, which descended to the children, subject to C.'s tenancy by the curtesy; that the use was executed in the children by the statute of uses; and that, upon the death of one child under age and unmarried, its share was inherited by the other, under the Gen. Sts. *c.* 91, § 1, *cl.* 6.

CONTRACT to recover rents of real estate collected by the defendant, as money had and received to the plaintiff's use ; submitted to the judgment of the court on agreed facts, in substance as follows :

Mary E. Fowle, widow, died November 21, 1863, seised of certain real estate in Boston, more particularly described in the statement of facts, and leaving a will, proved and allowed December 28, 1863, the fourth clause of which was as follows : " I give and bequeath, in trust, to Charles Stodder, of Boston, all the residue of my property, real and personal, of which I may be possessed at the time of my decease, for the benefit of my daughter, Georgiana W., wife of George S. Richardson, of said Boston, to her sole and separate use, and her heirs and assigns forever." The defendant was appointed by the probate court, on his petition, trustee under this clause, on May 5, 1865, and has since received the rents of said real estate, alleging a right to do so as trustee under the will, and he had in his hands at the date of the writ, as rents so received, $1001.44. Georgiana W. Richardson, wife of the plaintiff, and the legatee named in the fourth clause of the will, died December 11, 1863, leaving, as children of herself and the plaintiff, two minor daughters, of whom one died December 21, 1867, under age, and not having been married.

*H. C. Hutchins & J. B. Richardson*, for the plaintiff.

*W. G. Russell*, for the defendant.

HOAR, J.   We are of opinion that the devise to Mrs. Georgiana W. Richardson, in the fourth clause of the will of Mrs.

Mary E. Fowle, was of an equitable fee simple. The language of the devise is as follows : " I give and bequeath, in trust, to Charles Stodder, of Boston, all the residue of my property, real and personal, of which I may be possessed at the time of my decease, for the benefit of my daughter, Georgiana W., wife of George S. Richardson, of said Boston, to her sole and separate use, and her heirs and assigns forever."

The terms of this devise are clearly such as, if Mrs. Richardson had not been a married woman, would have given her a legal estate in fee ; the use declared being executed by the statute of uses. But the fact of her coverture, with the statement that the devise to Mr. Stodder is in trust, sufficiently indicate the intention not to create a mere use to be executed under the statute, but a trust during the coverture. *Ayer* v. *Ayer*, 16 Pick. 327. The estate of the trustee, however, will only be held coextensive with the duties of the trust. As was said by Baron Parke in *Barker* v. *Greenwood*, 4 M. & W. 421, 429, " there is no doubt that the general rule of law is, that wherever there is a limitation to trustees, although with words of inheritance, the trustees are to take only so much of the legal estate as the purposes of the trust require." The devise of a fee to Mrs. Richardson is therefore to be construed as creating an equitable estate during coverture, and a legal estate afterward, the use being executed upon the termination of the trust. But this does not change the nature of the estate, so as to limit or diminish it in her, or otherwise affect it, except to change it from an equitable to a legal estate in fee simple. There is, in our judgment, no legal principle which will prevent the same person from holding an equitable interest, to be changed into a legal interest upon the happening of a future event. The equitable estate does not merge in the legal, unless they are of commensurate extent, and are united in the same person at the same time. *Selby* v. *Alston*, 3 Ves. 339. *Morgan* v. *Moore*, 3 Gray, 319. *Barrus* v. *Kirkland*, 8 Gray, 512. In *Goodtitle* v. *Whitby*, 1 Burr. 228, a devise of lands to trustees and the survivor of them, and the heir of the survivor, in trust to apply the profits to the maintenance of the testator's two nephews, and, when they shoula

respectively attain the age of twenty-one, then to the use and behoof of the nephews and their heirs, equally, was held to be a vested estate in fee in the nephews, with a trust to be executed for their benefit during their minority. See also *Cadogan* v. *Ewart,* 7 Ad. & El. 636, and the opinion given by Lord Denman in *Adams* v. *Adams,* 6 Q. B. 860, a case very strongly in point. There a devise was to a trustee and his heirs, in trust to permit A. to take the profits during his life, subject to an annuity to the testator's widow during her life ; and if A. should die before the widow, then to permit the widow to enjoy the lands for her life ; and after the decease of the widow and A., then to the heirs male of the body of A. A. survived the widow; and it was held that, on the death of the widow, the use became executed in A., so that he had a legal estate in tail.

The statutes which enable married women to take and hold property to their separate use do not affect the construction of a gift in trust for them ; because their statute right of disposal is not absolute and unqualified, and the statutes themselves contemplate the necessity or expediency in some cases of the intervention of trustees. Gen. Sts. *c.* 108, § 4.

It follows, from this construction of the devise, that the plaintiff has a tenancy by the curtesy in the real estate, and is entitled to recover from the defendant the whole of the income received by him since the death of the wife. The equitable fee descended to the two children ; the use became executed in them by the statute of uses ; and upon the death of one, under age and unmarried, the other inherited her share. Gen. Sts. *c.* 91, § 1, *cl.* 6.        *Judgment for the plaintiff.*