FARMER'S NATIONAL BANK OF OWATONNA *vs*. DENNIS MORAN.

January 15, 1883.

Unauthorized Trust—Legal Estate vested in Cestui que Trust for Life —Sale on Execution.—A testator devised certain land to trustees, in trust to permit his son-in-law " to use and occupy the same for and during the term of his natural life, and after his decease in trust," etc. *Held*, that the legal estate in the land for his life was vested in the son-in-law, by the statute of uses, and that his interest was assignable, and subject to be sold for his debts.

Trusts—Estate of Trustee.—The general rule is that, where there is a limitation to trustees, they are to take only so much of the legal estate as the duties imposed by the trust require.

Plaintiff appeals from a judgment of the district court for Steele county, where the action was tried before *Buckham*, J., without a jury. In addition to the facts mentioned in the opinion, the court found that on February 23, 1878, one Lewis Gowdy duly recovered a judgment against Charles Adsit, under which all the right, title and interest of Adsit to the 80 acres, of the 160 acres mentioned in the opinion, not occupied as a homestead, was sold; that subsequently the certificate of sale was duly transferred to plaintiff before the beginning of this action; that the defendant has resided on and worked the eighty-acre tract in controversy, under the leave and authority of Adsit, for the last eight years, but has no title to such tract, the tax certificates put in evidence by defendant to show title being invalid. As a conclusion of law, the court found the defendant to be entitled to judgment, which was accordingly entered.

*A. C. Hickman,* for appellant.

The devise in the will was directly to Charles Adsit for use and occupation during his life-time. *Upham* v. *Varney,* 15 N. H. 462; *Right* v. *Smith,* 12 East, 455; *Chapman* v. *Nichols,* 61 How. Pr. 275; *Turner* v. *Ivie,* 5 Heisk. (Tenn.) 222; *Bryan* v. *Howland,* 98 Ill. 625; 2 Wash. on Real Prop. 402; 3 Jarman on Wills, 56.

A devise of the use of real estate for life is a devise of the property itself for life, and creates a life estate. *Lewis* v. *Palmer,* 46 Conn. 460; *Wine* v. *Markwood,* 31 Gratt. 43; *Bryan* v. *Howland,* 98 Ill. 625; *Piper's Estate,* 11 Phila. 141; *Bowman* v. *Pinkham,* 71 Me. 295; *Thomas* v. *Simpson,* 3 Pa. St. 60; *Andrews* v. *Boyd,* 5 Me. 199; *Butterfield* v. *Haskins,* 33 Me. 392; *Earl* v. *Rowe,* 35 Me. 414; *Reed* v. *Reed,* 9 Mass. 372; *France's Estate,* 75 Pa. St. 220; *Drusadow* v. *Wilde,* 63 Pa. St. 170; *Morgan* v. *Pope,* 7 Coldwell, (Tenn.) 541; *Mandlebaum* v. *McDonell,* 29 Mich. 78; Hawkins on Wills, 119; 3 Wash. on Real Prop. 333, 450; 4 Kent, Com. 536.

Adsit had a legal estate which was subject to sale on execution. Gen. St. 1878, c. 43, § 3; *Thomas* v. *Simpson,* 3 Pa. St. 60; *Davis* v. *Carroll,* 11 La. An. 705; *Upham* v. *Varney,* 15 N. H. 462; *Bowman* v. *Pinkham,* 71 Me. 295.

The interest of a *cestui que trust,* or an equitable interest, coupled with possession, is subject to levy and sale on execution. *Anderson* v. *Briscoe,* 12 Bush, (Ky.) 344; *Davenport* v. *Lacon,* 17 Conn. 278; *Crosby* v. *Elkader Lodge,* 16 Iowa, 399; *Doe* v. *Lank,* 4 Houst. (Del.) 648; *Rosenfield* v. *Chada,* 12 Neb. 25.

*Burlingame & Crandall,* for respondent.

The interest derived by Adsit under the will is a mere license and nothing more. 2 Bouvier's Law Dict. 325. Such a license may be devised. *Hart* v. *Hill,* 1 Whart. 124. This being a mere personal privilege, permit or license to occupy, it could not be imparted to another by the licensee or encumbered. He had no estate and could dispose of none. *Fisher* v. *Taylor,* 2 Rawle, 33; *Vaux* v. *Park,* 7 W. & S. 19; *Calhoun* v. *Jester,* 11 Pa. St. 474; *Rife* v. *Geyer,* 59 Pa. St. 393; Rorer on Judicial Sales, § 631.

VANDERBURGH, J. The plaintiff claims, by virtue of an execution sale against one Charles Adsit, to have acquired an estate for his

life in the land in question, and seeks by this action to recover the possession from the defendant, who is occupying under the authority of Adsit.   Adsit's interest was derived under the will of Jonah Woodruff, his father-in-law, the provisions of which, in so far as they relate to this land, are as follows: "*Item 4.* I give and devise to my executors, hereinafter named, my farm in the state of Minnesota of 160 acres, on which my son-in-law, Charles Adsit, now lives, in trust to permit my said son-in-law to use and occupy the same for and during the term of his natural life, and after his decease in trust for my daughter, Janet Adsit, to be held in the same manner and upon the same trusts as is hereinafter provided for my residuary estate." By item 14 of the will, the residue and remainder of his real estate is given to his executors in trust "for my daughter Janet Adsit, for the term of her natural life, to permit her to use and occupy such of said real estate as she may desire, and pay over to her the rents, issues, and profits of all my said residuary estate for her sole and separate use, * * * and upon the demise of my said daughter in trust for her said children in equal shares."   The executors are also appointed trustees under the will.   The 80 acres of land sought to be recovered in this suit by plaintiff is a part of the 160 acres mentioned in item 4; the remaining 80 acres being admitted to be the homestead of Adsit. His wife, Janet Adsit, deceased in 1878, leaving her surviving four children.

1. The devise of the land to the trustees to permit Charles Adsit "to use and occupy the same for and during his natural life," is equivalent to a disposition thereof in trust for him, or to his use.   The general rule is that wherever there is a limitation to trustees they are to take only so much of the legal estate as the duties imposed by the trust require.   *Barker* v. *Greenwood,* 4 M. & W. 420, 429–30; *Richardson* v. *Stodder,* 100 Mass. 528.   And where the words of a trust are to permit and suffer another to take the rents or to occupy lands, the use is executed in the party, the purposes of the trust not requiring that the legal estate should be in the trustees; otherwise, where the trustees are directed to collect and receive rents and apply them to the use of another.   Gen. St. 1878, c. 43, §§ 5, 11; *Barker* v. *Green-*

*wood, supra; Upham* v. *Varney,* 15 N. H. 462; 2 Jarman on Wills, (5th Ed.) *294; Hill on Trustees, *233; 1 Perry on Trusts, § 306.

It is the doctrine of some of the cases, where the devise is to trustees in trust to secure the beneficial enjoyment of an estate to several persons in succession, as to some of which active trusts are created and others not, that the legal estate must be deemed to be in the trustees from the beginning. Hill on Trustees, *242; *Harton* v. *Harton,* 7 Term. Rep. 648; 1 Perry on Trusts, § 309. This construction was probably justified by the peculiar circumstances of special cases in order to protect and secure the several beneficial interests in succession, especially in the case of married women, and to avoid the construction of a repetition of the legal estate in the trustees. *Hawkins* v. *Luscombe,* 2 Swanston, 375, 391. As respects the facts of the case at bar, however, the trust must be deemed executed in Adsit for the term. As to whether any active trusts are created by the will requiring the legal estate in the remainder to be executed in the trustees after the expiration of the life estate of the *cestuis que trust* in this land, we need not inquire. The construction declaring the legal estate vested in Charles Adsit for life, satisfies the statute of uses, and also the general rule that the interests of the trustees cannot be broader than the duties imposed. *Tucker* v. *Johnson,* 16 Simons, 341; *Heardson* v. *Williamson,* 1 Keene, 33; *Richardson* v. *Stodder, supra; Foster* v. *Wetherill,* 11 Phila. 172, 177–8; *Williams* v. *Waters,* 14 M. & W. 166.

It will be observed that there are no qualifications or conditions limiting the beneficial interest secured to Adsit under the will. It does not depend upon the discretion of the trustees. No act or duty in respect to it is required on their part. He is not required to reside on the land, nor restrained from selling or incumbering his interest. He is entitled to the whole beneficial interest in the land for the term devised, and subject to no right of interference or revocation by the trustees. *Earl* v. *Rowe,* 35 Me. 414. The terms "use and occupy" are not here to be interpreted in the narrow sense of personal occupation, but as entitling the beneficiary to the whole estate for life; "for a license to occupy an estate for a particular time

is a lease of the whole estate for that time." *King* v. *Inhabitants of Eatington*, 4 Term Rep. 177; Hawkins on Wills, \*119. The devise passed an estate in the land to Adsit, and he could therefore assign it, and it became liable to be sold for his debts. 1 Jarman on Wills, (5th Ed.) \*798.

It is not pretended that the defendant has acquired any interest in the land. The court simply finds "that he has resided on the premises with said Charles Adsit, and worked the 80-acre tract in controversy under the leave and authority of Adsit." It seems clear, therefore, that the plaintiffs are entitled to recover.

Judgment reversed.