SAMUEL C. FISH *vs.* JOHN H. PRIOR.

A deed in the ordinary form of quitclaim, and containing no trusts nor powers, ran: "I (the grantor), for and in consideration of one dollar to me paid by F., trustee of B., C., D., etc., minor children of said F., do remise, release, and forever quitclaim to him, the said F., trustee as aforesaid, his heirs and assigns forever, all the right, title, etc., . . . to have and to hold the same, with all the rights, privileges, and appurtenances thereto appertaining to him, the said F., trustee, his heirs and assigns forever."

*Held,* that this was tantamount to a conveyance to F., to the use of the children, and that the statute of uses at once vested the title in the children, who took at least life estates.

After this deed was delivered, the grantor and F. joined in executing a declaration of trusts. *Held,* that this declaration was a nullity. The grantor had parted with his whole title, and F. could neither divest the children of an executed trust nor change a naked trust into an active one.

ASSUMPSIT. Heard by the court, jury trial being waived.

*July* 13, 1889. STINESS, J. The plaintiff and defendant contracted, as owners, for an exchange of real estate under a written contract which, among other things, provided that the plaintiff should give the defendant a good title to the estate to be conveyed to him, free from any incumbrance, except a specified mortgage. It turned out that the deed under which the plaintiff held his estate ran to him simply as trustee for his children, minors, without more, in the ordinary form of a quitclaim deed, no trust or powers being expressed therein. For this reason the defendant refused to take the plaintiff's title in the estate. About a month after the time fixed in the contract for delivery of the deeds, the defendant in the mean time having disposed of his estate to another party, the plaintiff and the grantor in the deed to him executed a paper, purporting to be a declaration of trust, which was shown to the defendant and left for record within an hour of the service of the writ in this suit. The plaintiff thereupon demanded a performance of the contract, and now seeks to recover damages for its

breach. The question raised is, whether the defendant was justified in refusing to take the title thus offered him by the plaintiff. It is not shown, nor contended, that the plaintiff is trustee for his children in any other way than by the deed in question, so as to describe his character or determine his powers by reference to the creation of the trust. The deed stands by itself and must be so construed. Since it provides for no special trust either of duty or discretion, we think the evident intention was to vest the legal estate only in the trustee and the equitable estate in his children. But, as Judge Brayton said in *Nightingale et al., Assignees*, v. *Hidden et als.* 7 R. I. 115, this purpose is just what the statute of uses was designed to defeat. " No intent of the parties can stay the execution of the statute in a case where the legal estate only is vested in the grantee, and the beneficial interest of the same estate is limited to another." The effect of the deed is the same as though it ran to the plaintiff simply to the use of his children. The title in such case would vest immediately in the beneficiaries under the statute of uses. Lewin on Trusts, 1st Amer. ed.; Flint's notes, *209, note 1; 4 Kent Comment. 12th ed. *299, and note; *Kay* v. *Scates*, 37 Pa. St. 31; 78 Amer. Decis. 399, and note; *Phila. Trust, Safe Dep. & Ins. Co.'s Appeal*, 93 Pa. St. 209; *Hayes* v. *Tabor*, 41 N. H. 521; *Richardson* v. *Stodder*, 100 Mass. 528. If the result differs from the intention, it is due to the dabbling by the scrivener beyond his depth. The deed recites : " I, Eugene A. Dean, for and in consideration of one dollar to me paid by Samuel C. Fish, Trustee of Lillian E. Fish, Edith A. Fish, Gracie R. Fish, and Samuel C. Fish, Jr., minors, children of said Samuel C. Fish," etc., " do remise, release, and forever quitclaim unto him, the said Samuel C. Fish, trustee as aforesaid, his heirs and assigns forever, all the right, title," etc., " to have and to hold the same, with all the rights, privileges, and appurtenances thereunto appertaining, to him the said Samuel C. Fish, trustee, his heirs and assigns forever." No words of inheritance are used with reference to the children ; but we are not called upon to define the nature of their estate. It is sufficient for this case that under the deed the plaintiff could neither sell nor convey such title in the estate as was stipulated to be conveyed in the contract, since the children, at least, took estates for life.

The next question is, whether the declaration of trust had the effect to alter the condition of the estate, so as to enable the plaintiff to sell and convey by virtue of the trusts and powers therein declared. We think not. The maker of the deed, having parted with his title some months before, had no power to change its character or operation. Hill on Trustees, *64, and cases cited. The plaintiff had no power to divest his children of an executed trust. Neither could he change a dry or naked trust into an active trust, for only the owner of the whole estate can do this. 2 Washburn Real Property, 5th ed. 522, and cases cited. The trust appears upon the face of the deed, and must be determined by the terms therein expressed. It is not like the case where a person, who has taken the whole title to himself, afterwards, voluntarily or under obligation, declares a trust. It would, perhaps, be convenient for courts, if trustees, by their own declaration, could enlarge their powers or alter the terms of a trust, as occasion might require, but security to beneficiaries, under such a course, is not apparent. In *Tierney* v. *Wood*, 19 Beav. 330, it was held that where the legal estate is in a trustee, separate from the equitable estate, the declaration must be made by the equitable owner and not by the trustee.

We think the defendant was justified in refusing such title as the plaintiff could give him, and that he is entitled to judgment for his costs. *Judgment for defendant.*

*Edward D. Bassett*, for plaintiff.

*Stephen A. Cooke, Jun., & Louis L. Angell*, for defendant.