LOAMMI B. CARR & another *vs.* FRED H. RICHARDSON.

Worcester. October 5, 1892. — January 5, 1893.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Equity — Specific Performance — Deed — Use.*

In 1883, A. conveyed, for a valuable consideration, a parcel of land, of which he was seised in fee, to C. " and her heirs and assigns, in trust, nevertheless, to the use and behoof of said C. during her natural life, with full power to sell and convey the same, or any part of the same, as she may need the same for her comfortable support; and if any part shall remain unsold, then such remaining part shall be in trust for the use and behoof of the grantor and his heirs and assigns, and B. and his heirs and assigns "; and the habendum was, " To the said C. and her heirs and assigns, to their own use and behoof, in trust to the uses and purposes before named." By the will of C.'s husband, there was devised to her another lot of land in the same town, with the buildings thereon, " to have, hold, use, and enjoy during her natural life, with full power and authority to sell and convey in her own name the whole or any part of said lot or buildings, as she may need the same for her comfortable support "; but if any part of the same should at her decease remain unsold, the same was devised to A. and B. In consideration of the conveyance from A. to C. in 1883, C., by a deed of quitclaim, released to A. and B. the lot devised to her by her husband. In 1891, C. died, without having conveyed any portion of the land described in the deed of 1883. Her heirs at law were certain grandchildren, who were minors. *Held,* that A. and B. could maintain a bill in equity for the specific performance of an agreement, executed after C.'s death, to buy the land described in the deed of 1883, by the terms of which agreement A. and B. were to convey " a good and sufficient and clear title to the same, free from all encumbrances."

LATHROP, J. This is a bill in equity for the specific performance of an agreement, executed in August, 1891, by the terms of which the plaintiffs agreed to sell, and the defendant to buy, a lot of land in Northbridge, the plaintiffs to convey " a good and sufficient and clear title to the same, free from all encumbrances."

On May 17, 1883, the first named plaintiff was seised in fee of the land in question, and on that day, for a valuable consideration, he conveyed the same, by a warranty deed, to Emily S. Carr, the granting clause being as follows : " I do hereby give, grant, bargain, sell, and convey unto the said Emily S. Carr, and her heirs and assigns, in trust, nevertheless, to the use and behoof of said Emily S. Carr during her natural life, with full power to

sell and convey the same, or any part of the same, as she may need the same for her comfortable support; and if any part shall remain unsold, then such remaining part shall be in trust for the use and behoof of the grantor and his heirs and assigns, and Samuel A. Carr and his heirs and assigns." The habendum is "to the said Emily S. Carr and her heirs and assigns, to their own use and behoof, in trust to the uses and purposes before named."

By the will of the husband of Emily S. Carr, there was devised to her another lot of land in Northbridge, with the buildings thereon, "to have, hold, use, and enjoy during her natural life, with full power and authority to sell and convey in her own name the whole or any part of said lot or buildings, as she may need the same for her comfortable support." And if any part of the same should at her decease remain unsold, the same was devised to the plaintiffs in this case.

In consideration of the conveyance from the first named plaintiff to Emily S. Carr, dated May 17, 1883, she by a deed of quitclaim released to the plaintiffs the lot devised to her by her husband.

In March, 1891, Emily S. Carr died, without having conveyed any portion of the land described in the deed of May 17, 1883. Her heirs at law were certain grandchildren, who were minors.

The question in the case is whether the limitation over in the deed to Emily S. Carr vested the legal title in the land, on her death, in the plaintiffs, by way of a use executed by the statute, or whether the plaintiffs took only an equitable interest. There is no doubt that Emily S. Carr took only a life estate, with a power of sale, and that the limitation over is valid. *Welsh* v. *Woodbury*, 144 Mass. 542. *Chase* v. *Ladd*, 153 Mass. 126.

The words "in trust for" are not decisive against an executed use. They may mean and have the same effect as the words "to the use of." *Richardson* v. *Stodder*, 100 Mass. 528, 529. *Newhall* v. *Wheeler*, 7 Mass. 189, 198. The words of the statute are "use, confidence, or trust." St. 27 Hen. VIII. c. 10. 2 Bl. Com. 332. The only ground on which the second limitation can be cut down to a trust is that the deed was, in form, one of bargain and sale, operating by way of use, whether so expressed or not, to convey the legal fee to Emily S. Carr.

But although she was a purchaser for value, and notwithstanding the form of the deed, it has long been settled in this Commonwealth that "a conveyance of land by deed may here be considered as any species of conveyance necessary to effect the intent of the parties to the deed, and not repugnant to the terms of it." Parsons, C. J., in *Marshall* v. *Fisk*, 6 Mass. 24, 31. And that learned jurist in the same case adds: "As, by the statute of uses, a use cannot be limited on a use, so an estate cannot by bargain and sale be conveyed to one person to the use of another, for only a use passes to the grantee; but in this State a deed purporting to be a bargain and sale to A. and his heirs, to the use of B. and his heirs, has been holden, in the case of *Thatcher* v. *Gill*, to be a feoffment, by which A. took the estate directly, and not by way of use, and that the estate passed to B. by way of use, by virtue of the statute of uses."

The case cited as *Thatcher* v. *Gill* is undoubtedly the one decided by Chief Justice Dana in 1792, and reported under the name of *Thatcher* v. *Omans*, 3 Pick. 521, in which the question is fully considered. See also *Trafton* v. *Hawes*, 102 Mass. 533, 541.

In the case at bar there can be no doubt that the first named plaintiff, when he conveyed to Mrs. Carr a lot of land in place of the one devised to her by her husband's will, did not intend to make her infant heirs trustees for himself upon a dry trust which their incompetency alone was an obstacle to his terminating. We are not disposed to allow a mere technicality to bring about such a result, when we are warranted by reason and authority in construing this deed as a feoffment in fee to Mrs. Carr to the use of herself for life, with remainder to the use of the plaintiffs in fee. The statute executed the use. The plaintiffs have a good title, and are entitled to specific performance. See *Morgan* v. *Moore*, 3 Gray, 319. *Richardson* v. *Stodder*, *ubi supra*.

*Decree for specific performance.*

*H. L. Parker*, for the plaintiffs.
*W. B. Harding*, for the defendant.