## MURPHEY *et al.* v. COOK.

1. By Comp. Laws, tit. 4, part 2, § 2789, uses and trusts in real property are restricted to such as are specified in that title. Section 2795 provides that no trust in real property is valid unless created (1) by a written instrument signed by the trustee or his agent, (2) by an instrument under which the trustee claims the estate affected, (3) by operation of law; and Section 2798 allows such trusts to be created (1) to sell real property, and apply the proceeds in accordance with the terms of the instrument; (2) to mortgage or release real property for the benefit of annuitants or legatees, or to satisfy a charge thereon; (3) to receive rent and profits, and apply them to the use of a person, subject to the rules of part 2, tit. 2; and (4) to receive and accumulate rents and profits for the purposes and within the limits prescribed by that title. *Held*, that a deed conveying land to "L., as assignee of P. & B.," without any purpose declared, where there was evidence that P. & B. never made an assignment, and that L. was never appointed their assignee, was void for want of a grantee; and inoperative under the statutes to create a trust.

2. Comp. Laws, § 2795, provides that "no trust in relation to real property shall be valid unless created or declared (1) by a written instrument subscribed by the trustee [trustor] or his agent," etc. *Held*, that the word "trustor" in brackets is incorrect, and no part of the statute.

3. Comp. Laws, 2814, defines a power as an authority to do some act in relation to real property, or the creation or revocation of an estate therein, or a charge thereon which the owner * * * might himself perform. Section 2801 provides that when a trust in realty is created for a purpose not enumerated in preceding sections, such trust vests no title in trustees; but, if it directs the performance of a lawful act under a power, it is valid as a power in trust. *Held*, that where an instrument creating an invalid trust did not provide for the doing of any act or the

creation of any charge or revocation of any estate in the land conveyed, it was not valid as a power in trust.

4. The statutes providing for the creation of trusts in land (Comp. Laws, § 2795 'et seq.) 'are in no way qualified by Comp. Laws, §§ 3916–3918, which provide how and for what purpose trusts may be created; such sections being made expressly subject to the preceding sections.

(Opinion filed May 21, 1898.)

Appeal from circuit court, Union county, Hon. E. G. SMITH, Judge.

Action by Hance Murphey, trustee for the benefit of creditors and others, against E. W. Cook, administrator, etc., to recover certain real property. From a judgment in favor of defendant, plaintiffs appeal. Affirmed.

The facts are stated in the opinion.

*Miller & Miller, H. W. Wallace* and *W. E. Gantt,* for appellants:

*E. C. Erickson* and *French & Orvis,* for respondent.

CORSON, P. J. This was an action to recover certain real property. Judgment for defendant, and plaintiff appealed. The facts may be briefly stated as follows: In 1876, William M. Vinson was the owner of the property in controversy, and in January of that year he, together with his wife, executed an instrument, the material parts of which read as follows: "Know all men by these presents that we, William M. Vinson and Clara Vinson, of the County of Union, and territory of Dakota, for the consideration of the sum of seventeen hundred sixty seven and 88-100th dollars in hand paid by E. W. Laird, as assignee of Putman & Bender, of the county of Union, in said territory, the receipt whereof is hereby acknowledged, do hereby grant, sell and convey unto the said E. W. Laird, as

assignee of Putman and Bender, and to his successors for the benefit of the creditors of Putman and Bender forever, the following described real property. [Here follows a description of the land, with covenants of warranty.]"    Some time subsequently and prior to 1893, the said Laird departed this life, and upon petition of J. A. Miller, one of the plaintiffs, who claimed to be a beneficiary under the deed to Laird, Hance Murphey was appointed by the circuit court of the First circuit "trustee for the benefit of the creditors of Putman and Bender, successor to E. W. Laird, deceased, with same power and authority conferred upon him as was conferred upon E.W. Laird by the terms of said deeds."    On July 27, 1893, said Hance Murphey, trustee for the benefit of the creditors of Putman & Bender conveyed said property to J. A. Miller, the plaintiff herein.    This deed was signed, "H. Murphey, [Seal.] Trustee for the benefit of the creditors of Putman and Bender." The case was tried by the court without a jury, and the various deeds, petition, and order were admitted in evidence over the objections and exceptions of the defendant, and were made by the court a part of his findings of fact.    The court also finds that there was no evidence tending to show that Putman & Bender ever made any assignment for the benefit of creditors other than the recital in the Vinson deed.    The court further finds that said E. W. Laird did not file any bond; that he never made or filed any inventory of the property of said Putman & Bender, nor was he ever appointed assignee of the firm of Putman & Bender.    The court concludes as matter of law:  "(1) That the said deed hereinbefore referred to, purporting to have been made by William M. Vinson and Clara Vinson, his wife, to E. W. Laird, assignee of Putman & Bender, of the

county of Union, and territory of Dakota, was at the time of the delivery of the same, and now is, void and inoperative, either as a grant in trust  *  *  *  or as a grant of power in trust; (2) that the order made by the circuit court of the county of Union and state of South Dakota, appointing Hance Murphey trustee, was inoperative and void, and vested no right, title, estate, interest. or power in the said Hance Murphey; (3) that the said deed from Hance Murphey, as trustee for the benefit of the creditors of Putman & Bender, as successor of E. W. Laird, trustee, to J. A. Miller, is void, and of no effect, and transferred no interest, right, title, trust, estate, or power to said J. A. Miller."

The only questions discussed by counsel and that will be considered by the court are:  Were the conclusions of the court and the judgment correct under the findings of fact?  The important question arises on the so-called deed of trust from Vinson and wife to Laird as trustee.  Was this a valid deed, and, as such, did it convey the title to the lands in controversy to Laird, as assignee of Putman & Bender?  The respondent contends that this deed is void for three reasons:  (1) Because the deed is not authorized under the provisions of our Code relating to trusts; (2) because it does not contain any power under which Laird was authorized to do any act in reference to the property, and does not, therefore, constitute a power in trust under the statute; (3) because Laird was not shown to be an assignee of Putman & Bender, and hence there was no grantee in the deed.  By Section 2789, Comp. Laws, it is provided that "uses and trusts in relation to real property are those only which are specified in this title."  The effect therefore, to be given a purported deed of trust must be determined

by an examination of the provisions of that title. Section 2795 of the same title provides: "No trust in relation to real property is valid, unless created or declared: (1) By a written instrument, subscribed by the trustee [trustor] or by his agent thereto authorized by writing. (2) By the instrument under which the trustee claims the estate effected; or, '(3) by operation of law." And Section 2798 provides: "Express trust may be created for any of the following purposes: (1) To sell real property, and apply or dispose of the proceeds in accordance with the instrument creating the trust. (2) To mortgage or release real property for the benefit of annuitants or other legatees, or for the purpose of satisfying any charge thereon. (3) To receive the rents and profits of real property, and pay them to or apply them to the use of any person, whether ascertained at the time of the creation of the trust or not, for himself or for his family, during the life of such person, or for any shorter term, subject to the rules of title 2 of this part; or (4) to receive the rents and profits of real property, and to accumulate the same for the purposes and within the limits prescribed by the same title." Some question was made on the argument as to whether the term "trustee" in subdivision 1, § 2795, should not be "trustor" as noted in brackets. But "trusteee" is correct. See Section 280, proposed Code of New New York, and Section 279 Civ. Code 1877. By the second subdivision the instrument under which the trustee claims the estate affected must be subscribed by the grantor or his authorized agent. In this case it is not claimed that Laird executed any written instrument declaring or creating the trust. Hence we can only look to the instrument executed by the trustor, Vinson. By referring to the deed from Vinson and wife to Laird, it will be observed that the conveyance is made to

"Laird as assignee of Putman & Bender, and to his successors, for the benefit of the creditors of Putman & Bender." No authority is given to sell, to mortgage, to receive the rents and profits, or to do any other act in connection with the property. His only authority under the deed is to hold the property in trust for the "benefit of the creditors of Putman & Bender." Such a trust, being simply passive, is not valid under the statute. That statute contemplates an active trust only, and, in. effect. prohibits passive trusts. In Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805, the court of appeals of New York, in a very exhaustive opinion upon similar provisions of the statute, says: "The operation of Sections 47, 49, 50 and 58 of our statute of uses and trusts, read in connection, must be to prevent trusts from having any effect when only passive, and not directing or authorizing the performance of some act about the lands." This intention is made clear by Section 2801, Comp. Laws, which reads as follows: "When an express trust in relation to real property is created for any purpose not enumerated in the preceding sections, such trust vests no estate in the trustee; but the trust, if directing or authorizing the performance of any act which may be lawfully performed under a power, is valid as a power in trust, subject to the provisions in relation to such powers contained in title 5 of this part." Is the instrument we are considering valid as a power in trust? We think not. A power in trust is thus defined by our statute: "A power, as the term is used in this title, is an authority to do some act in relation to real property, or to the creation or revocation of an estate therein, or a charge thereon, which the owner granting or reserving such power might himself perform for any purpose." Comp. Laws, § 2814. As will have been observed, the instrument in ques-

tion confers upon Laird, the trustee, no authority to do any act in relation to the real property, or to the creation or revocation of any estate therein, or any charge thereon. The distinction between the creation of an express trust and a power in trust is thus stated by the court of appeals in Townsend v. Frommer, *supra*: "The object sought in the revision of the statute, as the revisors have stated in their notes, was to limit the creation of express trusts to those cases where the purposes of the trust seemed to require that the legal estate should pass to the trustee, and to give legal effect to a purpose, where such a necessity did not exist, by permitting its execution as a power in trust, if contemplating the performance of some act." The learned counsel for the appellants call our attention to Sections 3916, 3917 and 3918, Comp. Laws, and insist that the instrument in question comes clearly within the provisions of these sections. In all of these sections, as will be seen by a reading of them, reference is made to the former provisions on uses and trusts. These sections read as follows.

"Sec. 3916. A trust may be created for any purpose for which a contract may lawfully be made, except as otherwise prescribed by the titles on uses and trusts and on transfers.

"Sec. 3917. Subject to the provisions of Section 2795, a voluntary trust is created as to the trustor and beneficiary, by any words or acts of the trustor, indicating with reasonable certainty: (1) An intention on the part of the trustor to create a trust; and (2) the subject, purpose and beneficiary of the trust.

"Sec. 3918. Subject to the provisions of Section 2795, a voluntary trust is created, as to the trustee by any words or acts of his, indicating with reasonable certainty (1) his accept-

ance of the trust, or his acknowledgment, made upon sufficient consideration, of its existence, and (2) the subject, purpose and beneficiary of the trust.''

The provisions of these sections therefore do not qualify the provisions contained in the former sections. Our conclusions are that no estate was vested in the trustee by the so called trust deed, and that the instrument is invalid as a power in trust. No estate being vested in Laird, none, of course, could be vested in Murphey; and his deed to plaintiff was a nullity. The views here expressed render it unnecessary to discuss the other questions presented. The judgment of the circuit court is affirmed.