(79 N. W. Rep. 849.)

---

J. M. SMITH *vs.* THE SECURITY LOAN & TRUST COMPANY, *et al.*

Opinion filed June 15, 1899.

### Trust Deed—Construction—Title Conveyed.

Under the direction of one Oliver C. Dalrymple, said defendant the Cass County Bank by deed of special warranty conveyed to one John C. Dalrymple certain real estate in trust for the use and benefit of the children of said Oliver C. Dalrymple, which children were also the children and minor heirs of a deceased wife of Oliver C. Dalrymple. By its terms, said special warranty deed did not require or authorize said John C. Dalrymple, as such trustee, or otherwise, to do any act, or perform any duty, or exercise any power with respect to said real estate, or with respect to the title thereto. Accordingly, it is *held*, construing Rev. Codes, §§ 3380-3383, inclusive, that said deed did not vest any title or estate whatever in said John C. Dalrymple, in trust, or otherwise, and that said deed operated under the statute to convey the whole estate, both legal and equitable, to said minor heirs of the deceased wife.

### Deed Inoperative to Pass Title.

Subsequently said John C. Dalrymple, by deed of quitclaim duly executed and delivered, attempted to convey said real estate, in trust for the use and benefit of said minor heirs, to this plaintiff. *Held*, that no title or interest vested in the plaintiff by said deed of quitclaim. John C. Dalrymple, the plaintiff's grantor, had no estate, title or interest in the property, and hence could convey none.

### Real Party in Interest.

Plaintiff brings this action as trustee of said real estate, for the use and benefit of said minor heirs, and prays that certain judgments described in the complaint may be adjudged to be clouds upon the title, not liens upon said real estate. The defendant interposed a demurrer to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The District Court overruled the demurrer. *Held*, that such ruling was error. The plaintiff is not the real party in interest, nor is the plaintiff authorized to bring this action in his own name as a trustee of an express trust, nor can he sue in his own name for any reason mentioned in section 5223 of the Revised Codes.

Appeal from District Court, Cass County; *Lauder, J.*

Action by J. M. Smith, trustee for the use of Franklin S. Dalrymple and others, against the Security Loan & Trust Company of

Casselton and others. From an order overruling a demurrer to the complaint, defendants appeal.

Reversed.

*Pollock & Scott,* for appellants.

Plaintiff has no estate or interest in the real property in question and cannot maintain this action. Sec. 5904, Rev. Codes. The premises affected were the homestead of Isabella C. Dalrymple, her husband has the right of possession and occupancy until otherwise disposed of. Sec. 2463, Comp. Laws. Such homestead descends according to the law of succession. Comp. Laws, § 2464. That law vested the title in the husband and children. Comp. Laws, §§ 3400, 3401. Consequently the title could not have passed from the Cass County Bank to John C. Dalrymple under the deed. There was no trust created in favor of John C. Dalrymple or J. M. Smith, his grantee, to the premises in question. Rev. Codes, Secs. 3380, 3401; *Murphy* v. *Cook,* 77 N. W. Rep. 387; *Townsend* v. *Frommer,* 125 N. Y. 446, 26 N. E. Rep. 805; *Considerant* v. *Brisbane,* 23 N. Y. 389.

*Newman, Spalding & Stambaugh,* for respondent.

The plaintiff may maintain this action as trustee of an express trust or a person in whose name a contract is made for the benefit of another. Sec. 5223, Rev. Codes. While an express trust must be created by an instrument in writing (Sec. 3385, Rev. Codes) it is not necessary in declaring upon a transaction, which the statute requires to be evidenced by a written instrument to plead the existence of the instrument. Stephen's Pleading, § 374; *Marston* v. *Swett,* 66 N. Y. 206; Gould on Pleading, §§ 43 and 45; Bliss on Code Pleading, § 312. The allegation that this trust was for the use and benefit of the minor heirs of Isabella C. Dalrymple is sufficient under the rule that where by reasonable and fair intendment and liberal construction, it appears from the face of the complaint that a cause of action is stated, however inartificially, defectively or uncertainly stated, demurrer will not lie. *Phoenix Bank* v. *Donnell,* 40 N. Y. 410; *Maire* v. *Garrison,* 83 N. Y. 14; *Morse* v. *Gilman,* 16 Wis. 504; *Wall* v. *Bulger,* 46 Hun. 346; *Kimball* v. *Spicer,* 12 Wis. 669 *Lewis* v. *Stout,* 22 Wis. 234. The statute of frauds requiring express trusts to be in writing was enacted for the benefit of those claiming title under deeds or other instruments absolute on their face and not for the benefit of those seeking to defeat the operation of such deeds. Defendants cannot avail themselves of the benefit of the statute. *Allen* v. *Woodruff,* 96 Ill. 25; *Myers* v. *Myers,* 47 N. E. Rep. 309. The decision on demurrer is a judgment and not an order. *Bentley* v. *Jones,* 4 How. Pr. 335; *King* v. *Stafford,* 5 How. Pr. 30; *Lewis* v. *Acker,* 8 How. Pr. 414; *Staunton* v. *King,* 76 N. Y. 585; *United States Life Ins. Co.* v. *Jordan,* 21 Abb. N. Cas. 330. Plaintiff was entitled to judgment, on defendants' failure to answer or on their election to stand on their demurrer.

§ 5454, Rev. Codes; *Whiting* v. *Mayor,* 37 N. Y. 600. On affirmance this Court should direct judgment. *Fulton Fire Ins. Co.* v. *Baldwin,* 37 N. Y. 648-652.

WALLIN, J. In this action the defendants have appealed from an order overruling a general demurrer to the complaint. The only question presented for determination is whether the complaint alleges facts sufficient to constitute a cause of action in favor of the plaintiff. In disposing of the questions involved, it will be necessary to state only the substance of certain allegations of the complaint which we have deemed to be decisive of the result in this Court. The controlling facts may be stated briefly as follows: On the 3d day of May, 1891, and long prior thereto, one Oliver C. Dalrymple and Isabella C. Dalrymple were husband and wife, and on said date the wife dies, leaving surviving, besides her said husband, certain minor children, as her heirs at law. The names of said children are respectively as stated in the title of this action. Subsequently, and on the 8th day of April, 1896, said defendant the Cass County Bank was seised of fee-simple title in and to certain premises described in the complaint, viz: lots 3 and 4 in block 20 of the First addition to the Town of Casselton (now City of Casselton), in this state; and on said last-mentioned date said Cass County Bank, under the direction and instructions of said surviving husband of the deceased wife, conveyed said lots, by a special deed of warranty, to one John C. Dalrymple, a resident of the State of Pennsylvania, and who then was the guardian of certain property of said minor heirs situated in said State of Pennsylvania. With respect to such conveyance, and the conveyance of the same premises subsequently made to the plaintiff, the allegations of the complaint are as follows: "Which said deed and conveyance was so as aforesaid made to said John C. Dalrymple in trust for the use and benefit of the said surviving minor heirs of the said Isabella C. Dalrymple, and not otherwise. That thereafter, and on or about the 13th day of April, 1897, said John C. Dalrymple made, executed, and delivered to this plaintiff a quitclaim deed conveying said lots 3 and 4 in said block 20 of the First addition to Casselton as aforesaid to this plaintiff, which deed and conveyance was so as aforesaid made to this plaintiff in trust for the use and benefit of the said surviving minor heirs of the said Isabella C. Dalrymple, and not otherwise. That the said deed and conveyance was given and made by the said John C. Dalrymple to this plaintiff with the consent and at the instance and request of the said Oliver C. Dalrymple, the father of said minor heirs." The complaint further states "that this plaintiff, upon the execution and delivery to him of such deed, accepted the trust thereby imposed; and this plaintiff now holds the title to said lots in trust for said surviving minor heirs of the said Isabella C. Dalrymple, and not otherwise." This action is brought by said J. M. Smith, the plaintiff, as such alleged trustee; and the relief prayed for is

a decree declaring certain judgments to be clouds upon the title of said premises, and to remove such alleged clouds by a proper decree.

The primary question raised by the demurrer is whether said J. M. Smith, who sues as plaintiff, can maintain this action, or any action brought to protect the title to said premises, or otherwise, to vindicate the rights of said minor heirs in or to said premises. Defendants' counsel contend that the action cannot be maintained, under the provisions of sections 5221 and 5223 of the Revised Codes, because, as counsel claim, it appears upon the face of the complaint that the action is not prosecuted in the name of the real party in interest, nor is the same prosecuted in the name of either an executor, administrator, trustee of an express trust, or in the name of a person especially authorized by statute to sue. In our judgment, this contention is sound, and must therefore be sustained. After a careful consideration of the language of the complaint, we have no hesitation in holding that the same shows affirmatively that the plaintiff has no title or interest in the lots in question, either as an individual or as the representative of the minor heirs. We base this conclusion upon the explicit language of the statute, as well as upon decided cases which have construed the same statute. Section 3380 of the Revised Codes declares that "uses and trusts in relation to real property are those only which are specified in this chapter." Section 3381 is as follows: "Every person who by virtue of any transfer or devise is entitled to the actual possession of real property and the receipt of the rents and profits thereof is deemed to have a legal estate therein of the same quality and duration and subject to the same conditions as his beneficial interest." Section 3383 provides as follows: "Every disposition of real property whether by transfer or will, must be made directly to the person in whom the right to the possession and profits is intended to be vested, and not to any other to the use of or in trust for such person; and if made to any person to the use of or in trust for another, no estate or interest vests in the trustee; but he must execute a release of the property to the beneficiary on demand, the latter paying the expenses thereof." Section 3388 declares the purpose for which an express trust may be created, but these need not be set out in disposing of this case as no express trust appears to have been created in the case at bar. There is no allegation in the complaint that either of the said trustees as named in said deeds of conveyance are required or authorized by the terms of said deeds to do any act, or perform any duty, or to exercise any power whatsoever, with respect to said premises, or the title thereto, or for the benefit of said minor heirs. On the contrary, it appears by the complaint itself, when construed in the light of said statutes governing uses and trusts, that the trust is strictly a passive or dry trust,—a mere nominal trust.

Plaintiff's counsel contend that the complaint should be liberally construed, and that such construction will permit him to prove at

the trial any express or other trust which may exist in the plaintiff by the terms of the deeds or otherwise  But this contention is untenable, because the pleading, as it stands, purports to set out the legal effect of the two deeds; and the plaintiff cannot enlarge the effect of his own language as pleaded.  The deeds are not annexed to the complaint as exhibits, nor is a copy of any portion of either deed set out in the pleading in hæc verba.  The pleader has elected to set out the legal effect of the two instruments of conveyance, and has done so in the language we have extracted from the complaint as above set out.  For the purposes of a demurrer, the plaintiff is presumed to have stated his case as strongly as it can be stated. Nor will the Court presume that there is any other instrument outside of the deeds under which the plaintiff can assume the rights and duties of a trustee of any express or other trust.  There is no suggestion in the complaint that any trust ever existed in plaintiff's favor by virtue of any instrument other than the deeds mentioned in the complaint.  It appears affirmatively that the conveyances were made in trust for the use and benefit of the minor heirs.  Under the statute (section 3383), such conveyance should properly have been made directly to such minor heirs, inasmuch as they, as the sole beneficiaries under the deeds, are entitled to the possession and the rents and profits of the estate transferred.  But, being made to a trustee, the same section applies, and declares "that no estate or interest vests in the trustee."  The deeds, by their terms, purport to convey an equitable estate to said minor heirs, but under the operation of the statute (section 3380) the transfer invests the beneficiaries with the legal title as well; thus vesting in them both the legal and the equitable estate, which, of course, include the entire title and interest.  In brief, the operation of this statute is to annihilate the trust estate.  The only thing which such a trustee can do with respect to the property so conveyed is to release the same to the cestui que trust, and this he is, in terms, required to do on demand, and such release is only allowed to preserve the chain of title on the record.

The statutes which we have set out are literal copies of New York statutes, and they have frequently been construed by the courts of that state.  The cases we cite from New York, as well as from other states where similar legislation exists, furnish abundant authority for the construction we have placed upon the conveyances under consideration.    See *Rawson* v. *Lampman,* 5 N. Y. 456; *Wright* v. *Douglass,* 7 N. Y. 564; *Ring* v. *McCoun,* 10 N. Y. 268; *Bank* v. *Moran,* 30 Minn. 165, 14 N. W. Rep. 805; *Witham* v. *Brooner,* 63 Ill. 344.   See further, 2 Perry, Trusts, § 298, and Id. § 520.

It must follow, as well from the express terms of the statute as from the construction placed thereon by the authorities above cited, that the order of the District Court overruling the demurrer to the complaint was erroneously made.  The demurrer should have been sustained.  The District Court will be directed to reverse such

order and enter an order sustaining the demurrer. All the judges concurring.