DAVID BRADLEY & CO. *et al.* v. HELGERSON, *et al.*

Under Comp. Laws, § 4348, providing that every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage, a warranty deed given by defendants to plaintiff's agent as trustee to secure the payment of their notes given to plaintiff is a valid mortgage, though the grantee is called a trustee, and no trust is declared in the deed.

(Opinion filed June 12, 1901.)

Appeal from circuit court, Lincoln county.  HON. JOSEPH W. JONES, Judge.

Action by David Bradley & Co. and another against O. T. Helgerson and others.  From an order overruling their demurrer to the complaint, defendants appeal.  Affirmed.

*C. B. Kennedy,* for appellants.

Cited:  Smith v. Security Loan & Trust Co., 79 N. W. 981; Murphy v. Cook, 75 N. W. 387; Merrill v. Hurley, 62 N. W. 958; Marvin v. Titsmith, 10 Wis. 261; Rawson v. Lampman, 5 N. Y. 456; Wright v. Douglas, 7 N. Y. 564; Ring v. McCowan, 10 N. Y. 268; Bank v. Morgan, 30 Minn. 165; Witham v. Brooner, 63 Ill. 344; 2 Perry, Trusts, Secs. 298 and 520.

*Flickinger Brothers* (*French & Orvis,* of counsel), for respondents.

Cited *contra:*  Schimerda v. Wohlford, 13 S. D. 155; Ashton v. Ashton, 11 S. D. 610; Perry on Trusts, 602, 226; Campbell v. Dearborn, 109 Mass. 130; § 4350 Comp. Laws.

CORSON, J.  This is an appeal by the defendants, O. T. Helgerson, Maria B. Helgerson, and H. Orstad, from the order overruling their demurrer to the plaintiffs' complaint.  The demurrer to the complaint was interposed upon the ground that the same did not state facts sufficient to constitute a cause of action.

The facts alleged in the complaint may be briefly stated as follows:  That the plaintiff is a corporation; that the defendant O. T. Helgerson, for value received, on or about the 27th of November, 1895, made, executed, and delivered to the plaintiff his six promissory notes in writing for the aggregate sum of $5,000, and that to secure payment of the sum of $3,000 of the principal and interest mentioned in said notes said O. T. Helgerson and Maria B. Helgerson executed and delivered to

one W. B. Judd, as trustee, a certain warranty deed in form, bearing date the 2nd of December, 1895, whereby they conveyed to said Judd in fee certain real estate situated in the city of Canton, and described in said deed; that said Judd was at said time in the service of the plaintiff company, and said deed was executed and delivered to him for the purpose of securing the payment of said notes and interest, and for no other purpose; that it was agreed in writing by and between the plaintiff company and said Helgerson that said deed should be given as security for the indebtedness of said defendant in consideration of the extension of the time for payment thereof, and other consideration; that the defendant Helgerson has failed to comply with the conditions of said promissory notes by neglecting to pay the said sum of $3,000, and that the whole thereof is now due and payable; that on the 31st of July, 1897, the said deed was duly assigned, transferred, and set over to the plaintiff company for value, and it is now the lawful owner and holder thereof, and that there is justly due thereon the sum of $3,000, with interest; and the plaintiffs demand judgment for the sum of $3,000, and that said property may be sold to satisfy the same. Annexed to the complaint is a copy of the deed, an l also a copy of the memorandum of the agreement entered into by and between said O. T. Helgerson and the plaintiff. The defendants' demurrer seems to have been based upon the theory that the deed from Helgerson to Judd was a trust deed, and, there being no trust declared in the deed or otherwise, it is void under our statute. The principal question, therefore, to be determined is, do the facts stated in the plaintiffs' complaint show that the deed from Helgerson to Judd was given as a security, and did in fact constitute a mortgage, or was it simply a trust deed, as claimed by the defendants? It is urged on the part of the appellants that the deed was

given to Judd in trust, and that, there being no declaration of trust in the deed itself or otherwise, the deed is void, under the statutes of this state; and they further contend that the plaintiff, in its complaint, has denominated the deed a trust deed, and is concluded by its own statements.   It is true, the plaintitff refers to the deed in its complaint as a trust deed, but, taking all of the allegations of the complaint together, this designation of the deed was clearly an error, and should be disregarded as surplusage.   It will be noticed that it is alleged in the complaint that Helgerson executed notes to the plaintiff in the sum of $5,000, $3,000 of which was secured by this deed, and that a contract was entered into between Helgerson and the plaintiff, in which he agreed to execute this deed to Judd as collateral security, and therein consented that Judd might "consign" said deed to the plaintiff, undoubtedly meaning "assign" the deed to the plaintiff.   It further appears from the complaint that the notes were not paid, and the action is brought to recover judgment upon the same, and for a decree that the property be sold to satisfy the amount due.   Such a transaction clearly constitutes a mortgage. Section 4348, Comp. Laws, provides: "Every transfer of an interest in property, other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage."   Merrill v. Hurley, 6 S. D. 594, 62 N. W. 958; Shimerda v. Wohlford, 13 S. D. 155, 82 N. W. 393.   The facts stated in the complaint are to be taken as true for the purposes of the demurrer, and, assuming them to be true, the plaintiff company would clearly be entitled to a foreclosure of this deed as a mortgage.   The appellant seems to rely mainly upon the case of Smith v. Trust Co., 8 N. D. 451, 79 N. W. 981.   The deed passed upon by the supreme court of North Dakota in that case was clearly intended to be a trust deed.   In that case the Cass County Bank conveyed to one John C. Dalyrymple certain real estate in trust

for the use and benefit of the minor children of Oliver C. Dalyrymple, deceased. By its terms the deed did not require or authorize the said John C. Dalyrymple, as such trustee or otherwise, to do any act, or perform any duty, or exercise any power in respect to said real estate, or the title thereto. It was, therefore, held that said deed did not vest any title or estate in said John C. Dalyrymple, in trust or otherwise. In the case of Murphey v. Cook, 11 S. D. 47, 75 N. W. 387, this court held that a deed quite similar in form was void, and conveyed no title to the grantee named therein. But the transaction in this case clearly constitutes a mortgage, and it is so clearly shown that the deed in controversy was executed and intended as a mortgage to secure the payment of the $3,000 notes that we do not deem a further discussion of the question necessary. The order of the circuit court overruling the demurrer to plaintiffs' complaint is affirmed.