SARAH C. LIMA *vs.* CHARLES C. COOK, BRIDGET CAMPBELL, claimant.

Bristol.   October 28, 1907. — December 31, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Deed. Trust. Uses, Statute of. Practice, Civil,* Verdict, Money paid into court. *Claimant.*

A woman of advanced age and physically weak, with two daughters, one of whom neglected her and the other of whom lived with her and nursed and cared for her, having previously made a power of attorney irrevocable for five years to an agent with whom she and her faithful daughter had had many disagreements about her business, desiring to be relieved from the care and worry involved in the management of her property which consisted principally of rentable real estate, made a quitclaim deed of all her property to her faithful daughter, her heirs and assigns "in trust for myself during the term of my natural life and upon and after my death in trust for the benefit of said grantee and her heirs and assigns forever." *Held*, that although a possible construction of the words of the deed was that the use was executed by the statute of uses and that the grantor obtained a legal estate for life with a remainder in fee to the grantee and her heirs, yet, under the circumstances mentioned above, the more natural and the true construction was that the grant was upon a trust or a use upon a use which remained unexecuted, and that the grantee took the estate in fee in trust for the benefit of the grantor during her life.

In an action, by the trustee under a deed made by a woman of advanced age and physically weak conveying all her property to the plaintiff in trust for the bene-

fit of the grantor during her life, against a person previously appointed by the grantor as her agent, to recover rents collected by him from the real estate of such grantor and not paid over, where the defendant has paid into court the money collected by him and has caused the beneficiary to be made a party as claimant, and the presiding judge has ordered a verdict for the claimant, such verdict will not be set aside upon a decision by this court that the plaintiff is entitled to the money, as all that the plaintiff could do with the money, if paid to him, would be to pass it over to the claimant, an idle ceremony which the law does not require.

CONTRACT for the sum of $100 in the hands of the defendant Cook collected by him as rents alleged to belong to the plaintiff under a deed of trust made by one Bridget Campbell. Writ dated August 24, 1906.

The defendant Cook deposited in court the amount claimed in the declaration, and stated, under the statutes, that the money was claimed by Bridget Campbell, through her conservator, Thomas R. Burrill. Burrill entered the appearance of Bridget Campbell as claimant and joined issue as appeared by the pleadings. In the Superior Court the case came on to be tried before *White*, J. The plaintiff made the following offer of proof :

" One John Campbell, of Fall River, died on March 2, 1889, leaving a widow, Bridget Campbell, now about seventy-seven years old, living in Fall River, and two daughters, Sarah Campbell Lima, the plaintiff, and Margaret A. O'Connor, both of Fall River. John Campbell left a will by which he divided the estate equally among the widow and the two daughters, giving one third thereof to each.

" The estate consisted mostly of rentable real estate now valued at about $63,000. The income coming to each is about $80 a month. On April 10, 1905, Bridget Campbell, Sarah Campbell Lima and Margaret A. O'Connor gave a joint and irrevocable power of attorney for five years to the defendant Cook.* About nine years ago Bridget Campbell suffered a paralytic shock, which though it did not affect her mentally, leaving her mind entirely unimpaired, disabled her physically, so that for several years she has been unable to walk without a cane and for the last two years has been hardly able to get about at all. Since her father's death Margaret has never shown any kindness

---

* This instrument is printed in the report of the case of *Campbell* v. *Cook*, 193 Mass. 251, 252–254.

to her mother. All these years she tried to get all she could out of her in the way of money and property. The plaintiff on the other hand has been living with her mother before and since her father's death. While her mother was enjoying health the plaintiff managed the house and relieved her of all care. During her sickness for the last eight years the plaintiff has nursed and cared for her. In March, 1905, the plaintiff married one Anthony J. T. Lima, a dentist, and since that time both the plaintiff and her husband have made every effort for the comfort of Bridget Campbell.

" Shortly after the power of attorney was given to the defendant Cook, the latter caused much annoyance and trouble to the plaintiff and her mother. He had a bank book in his possession which belonged to Bridget Campbell and which he refused to give up to her until suit was pressed. He had a mortgage deed in his custody belonging to Bridget Campbell which he refused to give up until suit was brought. Said deed was given upon the very morning of the trial. In the month of October or November of 1905 request was repeatedly made of the defendant Cook to render an itemized account of his doings in the estate under his power of attorney, and to disclose what insurance was carried upon the estate and where and how much was paid. This the defendant Cook refused to do until suit was brought and the Supreme Judicial Court decided that he must grant the prayer of his principals.*

" To be relieved of the care and worry involved in the management of her property, Bridget Campbell, on December 2, 1905, made a deed to the plaintiff of all her share of the real estate coming to her under her husband's will (a copy of which deed, marked B, is hereto annexed and made a part hereof).

" The consideration of the said deed was the affection which the said Bridget had for the plaintiff and the kindness of the plaintiff and her husband towards her, and the promise by the plaintiff that she would care and support her for life and use the estate for her benefit so long as she lived and the plaintiff should have it at her death.

" On July 13, 1906, the Probate Court appointed Thomas

---

* See *Campbell* v. *Cook*, 193 Mass. 251.

R. Burrill a conservator to Bridget Campbell. On or about August 1, 1906, before the bringing of this action, the plaintiff demanded of the defendant Cook the income due to Bridget Campbell and which by said deed should be paid to the plaintiff. The defendant Cook refused to pay the same on the ground that the claimant Bridget Campbell by her conservator Burrill directed the money should be paid to herself. The amount which the defendant Cook had in his hands at the time the demand was made is $160."

At the request of the claimant Campbell the judge directed a verdict *pro forma* for the claimant against the objections and exceptions of the plaintiff, and at the request of the parties reported the case for determination by this court. If the ruling of the judge was wrong, the case was to be remanded for trial in the Superior Court; otherwise, judgment was to be entered for the claimant on the verdict.

The copy of the deed of Bridget Campbell marked B was as follows:

" Exhibit B.

" Know all Men by these Presents:

that I, Bridget Campbell of Fall River, County of Bristol and Commonwealth of Massachusetts, in consideration of one dollar and other considerations, paid by Sarah Campbell Lima of Fall River in said County and State, the receipt whereof is hereby acknowledged, do hereby remise, release, and forever quitclaim unto the said Sarah Campbell Lima all my right, title and interest in the John Campbell estate wherever situated in the said city of Fall River; said right, title and interest having been acquired by me through the will of the late John Campbell, my late husband. Said estate comprises among other properties, land and buildings situated on Tenth and Pleasant Streets, South Main and Spring Streets, Columbia and Pearl Streets and Washington Street and lot on Holland Street, all in Fall River.

' " To have and to hold the granted premises, with all the privileges and appurtenances thereto belonging, to the said Sarah Campbell Lima and her heirs and assigns,

" In trust for myself during the term of my natural life and upon and after my death in trust for the benefit of the said grantee and her heirs and assigns forever.

" In witness whereof I, the said Bridget Campbell, hereunto set my hand and seal this second day of December in the year one thousand nine hundred and five.

" Signed and sealed in presence of

" David R. Radovsky.                    her

" Bridget x Campbell (S) "

mark

Here followed certificates of acknowledgment and registration.

*D. R. Radovsky*, (*H. A. Dubuque* with him,) for the plaintiff.
*C. R. Cummings*, (*J. W. Cummings* with him,) for the claimant.

BRALEY, J.    The deed in its terms being sufficient to transfer the title, and give effect to the intention of the parties, any further consideration of the form of the conveyance, although without covenants either of seisin, or of the right to convey, or of warranty, becomes unnecessary.    *Hunt* v. *Hunt*, 14 Pick. 374. *Kyle* v. *Kavanagh*, 103 Mass. 356.    *Sawyer* v. *Cook*, 188 Mass. 163, 165.    In limitation of the habendum, the grantor uses this language, " in trust for myself during the term of my natural life and upon and after my death in trust for the benefit of the said grantee and her heirs and assigns forever."    A possible construction of this clause would be, that the use was executed by the statute of uses, and the grantor obtained a legal estate for life, with a remainder in fee to the grantee and her heirs.    *Richardson* v. *Stodder*, 100 Mass. 528, 529.    *Carr* v. *Richardson*, 157 Mass. 576, 577.    But while the question is one of some nicety, by reason of the great subtilty in the distinctions which have arisen under the statute, the more natural construction under the circumstances attendant upon her advanced age, her family relations, and business differences with the co-defendant, is, that the grant was upon a trust, or a use upon a use, which remained unexecuted.    The plaintiff accordingly took the estate in fee, and in trust for the benefit of the grantor during her life.    *Packard* v. *Old Colony Railroad*, 168 Mass. 92, 96.    *Dakin* v. *Savage*, 172 Mass. 23, 27.    It does not, however, follow that the verdict for the defendant was wrongly ordered.    The equitable life tenant's share in the rents which had been collected had been deposited in court pending the litigation, and was subject to its order, and all that remained was to direct the payment of the fund to the beneficiary to whom alone it belonged.    There being

no active duty devolving upon the trustee during the life of the agreement with Cook, this payment properly could be made without her intervention. Under these conditions to direct the payment to be made to the plaintiff, who at once must pass the money over to the equitable owner would be an idle ceremony, which the law does not require. *Underwood* v. *Boston Five Cents Savings Bank*, 141 Mass. 305, 306.

*Judgment for the claimant on the verdict.*