## WILLIAM F. JAMES *vs.* SOLOMON CUMMINGS.

Bristol.    Oct. 27, 1881. — Jan. 5, 1882.    MORTON & ALLEN, JJ., absent.

A. brought a bill in equity against B. and his wife, who was A.'s daughter, to
compel the defendants to transfer to him a parcel of land, the title to which
stood in the name of B.'s wife. The answer admitted that the land was bought
with A.'s money, and alleged that the conveyance was made to B.'s wife in con-
sideration of support furnished and to be furnished to A. At the hearing, it
was found that A. never intended to have the land conveyed to B.'s wife, and
a decree was entered in A.'s favor. B. then brought an action against A. for
board furnished him and for labor performed upon the land. *Held*, that the de-
cree in the suit in equity did not estop B. to show that the board and services
were not furnished and rendered gratuitously ; and that, on this issue, evidence
of declarations made by A., as part of a conversation otherwise relevant, was
admissible, even if they tended to show that the consideration of the contract
was that the land should belong to B.'s wife, the jury being instructed that
the decree in equity was conclusive on the point that such a contract was not
entered into.
On the issue whether services were rendered gratuitously by a son in law to his
father in law, there was evidence that the parties lived together on the father
in law's land ; that the father in law said he expected to live there all his days ;
that the land was to be his daughter's when he died ; and that the father in law
intended to pay his way. *Held*, that this evidence would warrant a verdict in
favor of the son in law. *Held, also*, that the son in law was not bound by the
declarations of his father in law, although put in by himself, to the effect that

the services were rendered in consideration that the land was to be his wife's on the decease of her father, and was entitled to put in evidence the fact that the father had mortgaged the land as soon as the legal title was conveyed to him.

DEVENS, J. This is an action for board of Cummings and his wife, during her lifetime, and for labor and services upon his land. The land upon which the alleged service was rendered had been purchased with the money of Cummings, and the deed had been put by James in the name of his wife, who was the daughter of Cummings. Before the date of the present suit, a bill in equity had been brought by Cummings against James and his wife, by which he sought to have the title thereto placed in his own name. To this bill James and his wife had answered that the land had been purchased by Cummings's money, but that the deed had been made to the wife of James in consideration of support which had been furnished to Cummings and his wife, and in expectation of further continued support. Upon the trial of the equity cause, it was found that Cummings never intended to have the land conveyed to the wife of James, or to deprive himself of his legal possession and enjoyment thereof; and a decree was entered that the wife of James should convey the land to Cummings, and that James should join in the deed. This decree has been complied with. At the trial of the case now before us, the court, at the request of Cummings, ruled that the decree was conclusive as to his title; that the deed was not put in the name of the wife of James by his consent; and that the land was not the land of Mrs. James burdened with a trust for his support. Cummings now objects that certain evidence was admitted tending to show that board and lodging were furnished in consideration of the deed, and that the equity case decided between the parties made such evidence inadmissible.

Evidence which may fail to prove one proposition may be invoked to prove another, even if the first proposition is conclusively decided against the party seeking to maintain it. It was settled between these parties that the land was the property of Cummings, but declarations admitted as part of his conversation or of conversation in his presence which was otherwise relevant were properly so admitted, even if they had some

tendency to show a contract different from that here declared on, and which James, in view of the equity suit, could not here claim ever to have existed. James was seeking to establish that Cummings and his wife boarded with him on the land which belonged to Cummings, (although then in the name of Mrs. James,) and that work and labor were done by him on the land on a contract express or implied that the board and labor were to be paid for. This was a different inquiry from that presented by the equity suit. It was essential to the case of James that he should show that the board and services were not gratuitous, and were not understood to be so or treated as such by Cummings. Upon this issue, the conduct of Cummings and his wife, the manner in which the parties lived and worked together, and the declarations of Cummings, were all competent. Even if some of them tended to establish that the land was actually the property of Mrs. James, which had been decided against James, these were admitted as part of a conversation otherwise relevant, and further tended to show that Cummings understood that board and services were not furnished him gratuitously, but that in some form or at some time James was to be compensated therefor. It may well have been that the jury were justified in believing them to this extent, while they disregarded them, as they were instructed and were bound to do, so far as they afforded any proof that the land was actually the property of Mrs. James.

It is further contended, on behalf of Cummings, that there was no evidence to be submitted to the jury on behalf of James. The discussion of this treats the case as if it were for the court to pass upon the weight and sufficiency of the evidence, and to review the verdict of the jury. This is not the case. Without undertaking to recapitulate the evidence for James at length, there was evidence that Cummings said that he and his wife expected to live with James and his wife all their days; that the land was to be his daughter's; that she was to have the whole when they were gone; that valuable labor was rendered on the land by James, with the knowledge and assent of Cummings; that to James's wife, who communicated it to James, both Cummings and his wife signified that board ought to be paid; and Mrs. James, who was the witness upon this point, adds, "I don't

know that the word 'board' was used, but they intended to pay their way." The court would not have been justified in ruling that there was no evidence to go to the jury, and the instructions upon which it was submitted were not excepted to.

The remaining exception relates to the admission of the mortgage deed of the same premises made by Cummings to a third person on the same day on which the deed of Mrs. James was made to him in obedience to the decree in the equity suit before referred to. In some of the conversations introduced by James for the purpose of showing that it was not understood by Cummings that the board and labor were furnished gratuitously, declarations had been testified to as made by Cummings that he and his wife were to live with James and his wife, and that Mrs. James was to have the land when they were gone. Although the conversations were introduced by James, he was not bound by these declarations. The jury might perhaps with entire propriety believe the declarations of Cummings, so far as they tended to show that he understood that the board and labor were not furnished gratuitously, while they might not believe that there was any special contract that they should be paid for by a devise to, or inheritance of the land by, Mrs. James. For the purpose, therefore, of controlling these declarations, and of showing that there was no such contract for a mode of payment such as they would imply, it was competent to show on the part of Cummings any act entirely or partially inconsistent therewith. The conveyance of the land in mortgage would be such an act, and would tend to prove that, if the board and labor were to be paid for, James was not thus to be compensated. For this purpose therefore the mortgage was admissible.

As the bill of exceptions shows that all proper instructions applicable to the case were given, and not excepted to, it must be inferred that this evidence was limited to the purpose for which it was admissible. *Exceptions overruled.*

*W. C. Parker, Jr. & A. B. Collins,* for the defendant.

*E. L. Barney & C. T. Bonney,* for the plaintiff, were not called upon.