JEREMIAH D. BLOSSOM, administrator, *vs.* EMMA NEGUS & another.

Bristol.　　October 27, 1902. — January 12, 1903.

Present: MORTON, LATHROP, BARKER, & LORING, JJ.

*Equity Pleading and Practice,* Appeal. *Fraud,* As against creditors.

On an appeal in equity a decree will not be reversed in matters of fact unless clearly erroneous.

If one, to whom an equity of redemption in certain land has been conveyed by a quitclaim deed as security for a certain note of the grantor, conveys the equity to the wife of the grantor as a wedding present, and later cancels the note, and

there is no evidence as to the value of the equity or to show that it exceeded the amount of the cancelled note, the conveyance of the equity to the wife can be found to be good as against the creditors of her husband.

MORTON, J. This is a bill in equity by the administrator of the estate of one Everett T. Negus to compel the conveyance to the plaintiff by the defendant Emma, who was the wife of said Everett, of certain real estate formerly belonging to Everett, and alleged to have been conveyed to Emma in fraud of the creditors of said Everett. The presiding judge found that Emma did not take the conveyance with intent to hinder, delay or defraud the creditors of the plaintiff's intestate, that the conveyance to her was upon a sufficient consideration, and that she did not hold the property charged with any trust in favor of the plaintiff, or his intestate, and ordered the bill to be dismissed. The plaintiff appealed. The evidence was taken by a commissioner and is before us.

The general rule in regard to appeals of this nature is that the decree appealed from will not be reversed in matters of fact unless it clearly appears to be erroneous. *Chase* v. *Hubbard,* 153 Mass. 91. We think it plain that the decree was right. There was evidence tending to show that the plaintiff's intestate was the owner of an equity of redemption in the real estate in question. He conveyed it by quitclaim deed to one Mrs. Sawyer as security for money which she lent to him. Shortly after the marriage of the plaintiff's intestate to the defendant Emma, Mrs. Sawyer proposed to convey the equity to said Emma as a wedding present, and to cancel and discharge the demands for which she held it as security. The plaintiff's intestate consented, and thereupon Mrs. Sawyer made the conveyance in question to the defendant Emma, and afterwards destroyed the notes which she held against the plaintiff's intestate, and cancelled the indebtedness for which she held the property as security. There was no evidence as to the value of the equity of redemption, when Mrs. Sawyer conveyed it to the defendant Emma, or that, if there was any fraud intended by the plaintiff's intestate, the defendant Emma was cognizant of it. The plaintiff contends that Mrs. Sawyer held the property in trust for the plaintiff's intestate, and that the conveyance was in effect a voluntary conveyance by the husband to the

wife, and that as against his creditors, it is immaterial whether she knew of or participated in the fraud or not. If before and not as a part of the conveyance to the defendant Emma Mrs. Sawyer had cancelled the indebtedness for which she held the property as security, there would have been good ground for contending that at the time when she made the conveyance she held the property merely as a trustee for the plaintiff's intestate, and that any conveyance by her to his wife was in effect a voluntary conveyance from husband to wife, and the property would be subject *quoad* his creditors to the same trust in the wife's hands as in Mrs. Sawyer's. *Lynde* v. *McGregor*, 13 Allen, 182. But without going into the testimony in detail it is enough we think to say that there was evidence that such was not the case; but that when Mrs. Sawyer conveyed the equity to the defendant Emma, it was still subject to the incumbrance for which she held it as security, and that she cancelled and discharged the demands for which she so held it after the conveyance to the defendant Emma and with the intent to make a gift of the equity to her. This she had a right to do, and the creditors of the husband could not justly complain even though the effect was also to discharge him from his indebtedness to Mrs. Sawyer. And upon the evidence we cannot say that the finding that the defendant Emma did not hold the property charged with any trust in favor of the plaintiff or his intestate was erroneous. As already observed, it does not appear what the value of the equity was. For aught that appears it may have been no more than the amount for which Mrs. Sawyer held it as security. If it had appeared that it was in excess of that, it is possible that the plaintiff would have been entitled to such excess. But it is to be observed further that the bill does not proceed on that footing, but seeks to have the conveyance to the defendant Emma wholly set aside, and a conveyance of the equity directed to be made to the plaintiff. And as to that it is enough to say, if indeed it is not enough to say to the plaintiff's whole case, that, as it stands, we cannot say upon the evidence that the finding that the conveyance was upon a sufficient consideration was clearly erroneous.                          *Decree affirmed.*

*H. A. Dubuque*, for the plaintiff.

*C. R. Cummings*, (*J. W. Cummings* with him,) for the defendants.