CHARLES McKENNA *vs.* HOWLAND TWOMBLY & another, administrators.

ELLEN E. McKENNA *vs.* SAME.

Suffolk.    March 15, 1910. — May 18, 1910.

Present : KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Contract*, Implied in fact, Consideration, Validity.    *Evidence*, Of wrongful conduct of plaintiff.    *Witness*, Impeachment.

In actions brought respectively by a husband and wife against the administrator of the estate of the husband's brother who had been a helpless invalid, for compensation for services in taking care of the defendant's intestate day and night during his illnesses for a period of three years, if there is evidence on which it could be found that the defendant's intestate, appreciating his helpless condition, recognized the necessity of having some one take care of him, but did not wish to go to a hospital and preferred to remain at the home of the plaintiffs, that he accepted what was done for him with an understanding of the plaintiffs' expectation of payment, and that he assured them that ultimately they would be recompensed, the plaintiffs are entitled to go to the jury ; and they do not lose this right upon proof by the defendant that an instrument purporting to be the will of the defendant's intestate, by which he undertook to give all his property to the first plaintiff, was disallowed on the ground that it had been procured by the undue influence of the plaintiffs, this being no bar to the actions upon the implied promises of compensation for services, although the jury may consider the wrongful conduct of the plaintiffs as tending to cast doubt upon the validity of their claims.

In an action by a married woman against the administrator of the estate of her husband's brother, for compensation for services, in conjunction with those of her husband, in taking care of the defendant's intestate, a hopeless invalid, during his illnesses for a period of three years with an expectation of compensation which was understood by the intestate, in which the plaintiff has testified as a witness, evidence that an instrument purporting to be the will of the defendant's intestate, by which he undertook to give all his property to the plaintiff's hus-

band, was disallowed on the ground that it had been procured by the undue influence of the plaintiff and her husband, is admissible to discredit the plaintiff's testimony.

Two ACTIONS OF CONTRACT respectively by Charles McKenna and Ellen E. McKenna, his wife, against the administrators of the estate of John McKenna, the deceased brother of the plaintiff in the first action, each for attendance on and personal care and nursing of the defendants' intestate day and night during his last illness for a period of three years.    Writs dated May 15, 1908.

In the Superior Court the cases were tried together before *Hitchcock*, J.    The facts which could have been found upon the evidence in regard to the services rendered by the plaintiffs and the circumstances under which they were performed with an expectation of compensation understood by the defendants' intestate are stated in the opinion.    Evidence to prove the following facts was offered by the defendants, the plaintiffs admitting its truth but not its competency, and was admitted by the judge against the plaintiffs' exception, as follows:

" That on September 6, 1904, the plaintiff Charles McKenna presented to the Probate Court for Suffolk County for probate an instrument purporting to be the last will and testament of John McKenna, late of Boston, deceased, dated and executed August 4, 1903, by which the deceased bequeathed all his property of every nature to the said Charles McKenna and nominated him to be his executor; that the said will was allowed by the Probate Court by a decree dated February 1, 1905; that thereafter the case was appealed to the Supreme Judicial Court, in which court it was submitted to a jury upon the following issues, which were answered by said jury as follows:

" First issue: ' At the time of the execution of the instrument propounded for probate as the last will and testament of John McKenna, was said John McKenna of sound and disposing mind and memory?'    Answer: ' Yes.'    Second issue: ' Was the execution of said instrument procured through the undue influence of Charles McKenna or Ellen E. McKenna or either of them?'    Answer: ' Yes.'    That at the trial in the Supreme Judicial Court before said jury Ellen McKenna testified as a witness in support of the will; and thereafter, upon rescript from the full court, a

decree was entered in said Supreme Judicial Court for Suffolk County upon March 29, 1906, disallowing said will upon the ground of said undue influence."

At the close of the evidence the judge refused requests of the defendants to order verdicts for the defendants in each case. He submitted the cases to the jury, who returned a verdict for the plaintiff in each case in the sum of $1,700.40. The defendants alleged exceptions.

The cases were submitted on briefs.

*A. Boyden, J. G. Palfrey & E. C. Bradlee,* for the defendants.

*J. A. McGeough,* for the plaintiffs.

BRALEY, J.    The defendants' intestate suffered from a complication of serious physical infirmities, which gradually increased until for quite a period preceding his death he became partially, and then wholly unable to care for himself.    The plaintiffs, who were his brother and sister in law, at whose house he boarded and lodged during his sickness, appear to have been in constant attendance upon him, ministering to his daily and nightly needs, and doing what they could by way of nursing and kindly attention to alleviate his sufferings and so far as possible to provide for his comfort.    It is not shown, nor is it even suggested by the defendants, that the weekly price he paid for board and lodging included the charges in controversy, nor is there evidence that from a sense of duty or because of affection the plaintiffs intended to serve gratuitously.    But where there is no express contract, the performance of work and labor with the expectation of payment does not raise an implied promise to pay therefor, unless the party benefited, knowing that the work is being performed, does not dissent, but accepts the benefit.    *Foote* v. *Cotting,* 195 Mass. 55, 61.    If, therefore, the decedent knew, or should have understood from the circumstances, that the services were to be paid for, the plaintiffs had proved enough to make out a binding contract.    *McGarrahan* v. *New York, New Haven, & Hartford Railroad,* 171 Mass. 211, 220.    *Spencer* v. *Spencer,* 181 Mass. 471.    *Dickey* v. *Putnam Free School,* 197 Mass. 468, 473.    It would seem to be beyond dispute, if it were not for the defendants' contention that there was ample evidence to support a promise to pay, as the jury would be warranted in finding that the decedent, realizing his helpless condition, not only recog-

nized the necessity of having some one to care for him, but did not wish to go to a hospital and preferred to remain at the home of the plaintiffs. It was with this understanding, as the jury also could find, that he accepted what was done for him, and, in recognition of their expectation of payment, assured the plaintiffs that ultimately they would be recompensed.

The sufficiency of the evidence to support the declaration was not destroyed, nor were the plaintiffs precluded from recovery, because the decedent's will in which he gave all of his property to them was set aside as having been procured by their undue influence. If the testamentary provision was intended by the testator to be in payment, the will was never established, and the probate issues were essentially different and wholly independent of the questions involved in the present action which is at common law. To what extent the unlawful conduct of the plaintiffs may have tended to cast doubt upon the validity of their claims or to discredit the testimony of Mrs. McKenna was for the jury. *James* v. *Cummings*, 132 Mass. 78.

The judge properly declined to order verdicts for the defendants, and the exceptions to the refusal to grant the motions for new trials, not having been argued, must be treated as waived.

*Exceptions overruled.*