BRIDGET CAMPBELL *vs.* SARAH C. LIMA & others.

Bristol.    February 27, 1912. — May 23, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DECOURCY, JJ.

*Undue Influence.    Deed,* Validity.

In a suit in equity brought in the name of an aged woman by the conservator
of her estate to set aside a deed of real estate and a bill of sale of personal prop-
erty executed by the plaintiff when she was more than seventy-five years of
age to the defendant, who was one of her two daughters, and alleged to have been
procured by the undue influence of the defendant, where the evidence was
contradictory and the testimony of the defendant could have been found to be
contradictory and unsatisfactory, a finding of the trial judge, that the plaintiff
was in a weakened state of mind and body and executed the deed and bill of sale
by reason of the dominance and undue influence of the defendant, was sustained
on the ground that, whichever way the judge had decided the case, it could not
be said that his decision was plainly wrong.

MORTON, J.    This is a bill in equity brought in the name of the
plaintiff by the conservator of her estate to set aside a deed of
real estate and a bill of sale of personal property made by her to
the defendant Sarah C. Lima.    The case was heard in the Superior
Court.    A commissioner was appointed to take the evidence and
the evidence is all before us.    The judge* who heard the case
filed a memorandum of his findings.    A part of it is as follows:
"I do not find, that, at the time of the execution and delivery of
the deed, or of the bill of sale, the plaintiff was of unsound mind
or memory, or that any false representations were made to her as
to the nature or contents of the instruments, or that physical
violence or threats were then used to secure her signature.    I find,
however, that she was at the time in a weakened state of mind
and body, common with one of her years (over seventy-five), and
that she executed the deed and bill by reason of the dominance
and undue influence of the defendant Lima."    A decree was
entered in favor of the plaintiff and the defendant Lima appealed.

The deed in question is the same one that was before this court
for construction in *Lima* v. *Cook,* 197 Mass. 11.    In that case,

---

* *Dana,* J.

however, the question at issue was entirely different from that now presented.

Whether the deed and bill of sale were procured by fraud and undue influence was wholly a question of fact for the determination of the trial judge, and his finding will not be set aside unless clearly erroneous. *Flagg* v. *Phillips*, 201 Mass. 216. *Blossom* v. *Negus*, 182 Mass. 515. The case was heard at length and the evidence was contradictory in regard to the issue that was presented. The plaintiff was a witness and her testimony, so far as it went, was in favor of the defendant Lima. Both parties agreed in thinking, however, that her mind was at the time of the trial in a weakened condition. But her deposition had been taken in 1906, a few months after the conveyances in question, when she was sane, and in that she declared that she gave the property to Mrs. Lima of her own will and because she wanted her to have it, and would have given her more if she had had it, that she had been good and kind to her and never had abused her or threatened her with violence, that since her husband's death she had always taken care of her, and that her other daughter, Mrs. O'Connor, never had done anything for her and had tried to get all she could. Her statements in regard to the relations between her and Mrs. Lima and Mrs. Lima's husband were corroborated by other witnesses. There was also evidence tending to show that Mrs. O'Connor received $4,000 from her father before he died; that the plaintiff had given her husband $1,000 about the repayment of which there was a question, and also a saloon property valued at several thousand dollars; and that Mr. O'Connor was the only son and heir of his mother, a widow, reputed to be worth $50,000 or $60,000. There was no evidence that Mrs. Lima had received anything beyond her share of her father's estate, and no direct evidence that undue influence was exercised by her upon her mother. On the other hand there was evidence that she had threatened the plaintiff with violence and had assaulted her, that the plaintiff had said that she was afraid of her, that she exercised dominance over the plaintiff, that she had said that if the plaintiff made a will she would make it for her, that her habits had caused the plaintiff distress, and that less than a year before the date of the deed in question the plaintiff had made a will in which she had given one half of her property to her daughter Margaret, Mrs. O'Connor,

and the other half in trust for Mrs. Lima for life with a limitation over to Mrs. O'Connor. Mrs. Lima was a witness and it could have been found that her testimony was contradictory and unsatisfactory.

What we have said shows that the case was one which had two sides to it and that, whichever way the judge who heard it decided it, it could not be said that his decision was plainly wrong.

It was for the trial judge to say, taking into account the plaintiff's age and her general condition of health, her mental constitution and her dependence upon some one for care and attention, whether she could or could not be unduly influenced. It would not follow that if she was of sound mind she could not be subjected to undue influence.

It follows that the decree must be affirmed.

*So ordered.*

The case was submitted on briefs.

*J. T. Coughlin & F. N. Nay,* for the defendant Lima.

*J. W. Cummings & C. R. Cummings,* for the plaintiff.