SARAH C. LIMA *vs*. BRIDGET CAMPBELL.

BRIDGET CAMPBELL *vs*. SARAH C. LIMA.

Bristol.    October 26, 1914. — November 24, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Contract*, Implied, Validity, Rescission.  *Fraud.  Undue Influence.  Res Judicata.  Election.  Practice, Civil*, Conduct of trial, Exceptions.  *Equity Jurisdiction.  Equity Pleading and Practice*, Supplemental bill.

A daughter, after she had furnished board, care and support to her mother, who, although of sound mind, was physically weak, under an agreement that the mother should pay therefor, induced her mother by undue influence to convey to her, in payment for such board, care and support rendered and to be rendered, all the mother's property with a reservation of the income thereof to the mother for her life.  By reason of a final decree in a suit in equity brought against the daughter in the name of the mother, who afterwards became of unsound mind, by one appointed conservator of her property, for a setting aside of the conveyance, the daughter was compelled to reconvey the property.  The issue, whether the daughter should be paid for the board, care and support already furnished by her to her mother, was not raised nor determined in that suit.  *Held*, that the daughter was not precluded by the decree in such suit from recovering in an action of contract for the board, care and support which she had furnished, the action of contract not being grounded upon any fraud and her misconduct with regard to the payment which she had procured by undue influence having been undone by the suit in equity.

If a mother, who through undue influence of her daughter has been induced to convey to the daughter all her property in payment for services rendered by the daughter upon the mother's agreement to pay therefor, brings a suit in equity against the daughter in which she asks only for a reconveyance of the property and does not offer to pay for the services rendered, and if the daughter, while contesting the suit in equity and while it still is pending, brings an action at law against the mother for compensation for such services, the mother cannot set up in defense of the action at law that, because the agreement of payment for the services by the conveyance of the property had not been rescinded when that action was brought, it was brought prematurely, she by bringing her suit in equity having elected to treat the agreement as rescinded.

And if a final decree is entered in the suit in equity without the issue as to the right of the daughter to payment for her services having been raised therein, such decree is no bar to the action at law; nor is the daughter estopped from main-

taining the action at law by any contentions made by her counsel in their brief before this court upon an appeal from the decree in the suit in equity.

Accordingly, if the mother, after the entry of such final decree, files a supplemental bill asking that the action at law be enjoined on the ground that the issues therein were precluded by the suit in equity, such supplemental bill should be dismissed.

Where a third count of a declaration was upon an implied contract and a second count might be construed to allege a special contract upon an express promise, and the judge before whom the action was tried treated the second count as one upon an implied contract and, subject to exceptions by the defendant, submitted the action upon both counts to the jury who returned a general verdict for the plaintiff, if there was evidence warranting a verdict for the plaintiff upon an implied contract and the bill of exceptions states that "the plaintiff elected to go to the jury on an implied contract only, and elected to go on the second and third counts," it must be presumed that the jury found their verdict upon an implied contract only, so that a refusal by the judge to rule that upon all the evidence the plaintiff was not entitled to recover on the second count, or that there was no evidence that the agreement set out in the second count was made, cannot have harmed the defendant, and the question, whether the judge erred in treating the second count as alleging an implied contract, need not be considered by this court.

CONTRACT for board, care and support furnished by the plaintiff to her mother, the defendant. Writ dated November 15, 1911; also

SUPPLEMENTAL BILL IN EQUITY, filed on May 1, 1913, to aid the decree in *Campbell* v. *Lima*, 212 Mass. 11, by enjoining the foregoing action of contract on the ground that by such final decree the claim of the plaintiff in the action of contract was precluded.

The declaration in the action of contract, as amended, was in three counts. The second and third counts, upon which the plaintiff elected to go to the jury, were as follows:

"Second Count: And now comes the plaintiff in the above entitled action and says that on or about the second day of December, 1905, at the request of the defendant, the plaintiff undertook to support and care for the defendant for the rest of the defendant's natural life, and that the defendant in consideration thereof agreed to pay to the plaintiff for said service as much as said service is fairly worth, and the plaintiff says that she did care for the defendant in accordance with her undertaking, and during said time the defendant was an invalid and required the constant care and attention of the plaintiff and that the plaintiff was obliged also to employ the service of others on

the defendant's behalf, and the plaintiff says that for said service she is entitled to $11,154.

"Third Count: And the plaintiff says that the defendant owes her for board and services rendered to the defendant, from the second day of December, 1905, to the date of the writ in this action, the sum of $11,154."

The action of contract was tried before *Sanderson*, J. Material facts shown by the evidence are stated in the opinion. At the close of the evidence the plaintiff, in the language of the bill of exceptions, "elected to go to the jury on an implied contract only, and elected to go on the second and third counts." The defendant asked for rulings that the plaintiff was not entitled to recover on either of these counts and also for the following rulings:

"(6B) The plaintiff has elected to consider that the services and care rendered were done in consideration of the delivery of the conveyances, and as these conveyances were set aside because they were procured by undue influence, the plaintiff cannot recover on any implied agreement."

"(9) There is no evidence to warrant a finding that the agreement alleged in the second count was made.

"(10) There is no evidence to warrant a finding that the agreement alleged in the third count was made."

The rulings were refused. The jury found a general verdict for the plaintiff in the sum of $7,364.96; and the defendant alleged exceptions, which were allowed on February 16, 1914.

The supplemental bill in equity was heard by *Ratigan*, J., who filed the following memorandum of decision:

"The question, whether the issues raised by this supplemental bill have already been adjudicated, and are therefore *res judicatae*, is saved to the plaintiff in an action at law already pending between these same parties before the Supreme Judicial Court. That action is entitled Sarah C. Lima vs. Bridget Campbell. I see no good reason therefore for granting the prayer of this bill. Let this bill be dismissed with costs to the defendant Sarah C. Lima."

The plaintiff excepted (1) "to the order that the bill be dismissed," and (2) "to the ruling that the question, whether the issues raised by the supplemental bill have already been adjudi-

cated and are, therefore, *res judicata*, is saved to the plaintiff in an action at law already pending between the parties."

The exceptions were allowed on October 1, 1914, and on the next day the following document was filed:

"Final Decree.

"This cause came on to be heard on the amended supplemental bill, and evidence was introduced in behalf of plaintiff and in behalf of defendant, and the case argued by counsel, and thereupon, after consideration thereof and in accordance with the memorandum of decision filed by the presiding justice, it is hereby ordered, adjudged and decreed that the bill be dismissed with costs of court taxed at $26.74 in favor of the defendant, Sarah C. Lima, against the plaintiff, Bridget Campbell, and that the defendant, the said Sarah C. Lima, shall have execution therefor."

From the so called final decree Bridget Campbell appealed.

*J. W. Cummings*, (*C. R. Cummings* with him,) for Bridget Campbell.

*F. N. Nay*, (*D. R. Radovsky* with him,) for Sarah C. Lima.

SHELDON, J. In the first of these cases Mrs. Lima seeks to recover for board, care and support furnished by her to her mother, the defendant. There was evidence that she furnished these to her mother, with an understanding by both parties that she was to be paid therefor. On or about December 2, 1905, the defendant Mrs. Campbell conveyed and assigned to Mrs. Lima all her property, which was of considerable amount, but reserving to herself the income thereof for her life. This was intended by the parties to pay Mrs. Lima for the board, care and services which she was to render to Mrs. Campbell for the life of the latter. Mrs. Campbell was at this time of sound mind, but physically weak. Her mind since has become unsound.

One Burrell was appointed in 1906 conservator of Mrs. Campbell's property. In 1910 he brought in the name of Mrs. Campbell and in her behalf a bill in equity against Mrs. Lima and others to set aside the conveyances made to her by Mrs. Campbell and to obtain reconveyance of the property thereby conveyed; and in that suit, on June 13, 1912, a final decree was entered, by which, after a recital that the conveyances, including a deed of real estate, a bill of sale of personal property, and

some assignments of stock, were all procured "by the dominance and undue influence" of Mrs. Lima, she was ordered among other things to pay to Mrs. Campbell the sum of $300 and to reconvey and transfer to Mrs. Campbell all the property mentioned in the said conveyances. See *Campbell* v. *Lima*, 212 Mass. 11.

The plaintiff in this case went to the jury on the second and third counts of her declaration; and a general verdict was rendered in her favor.

The defendant now contends that the plaintiff cannot recover in this action, because she had obtained from her mother by fraud a conveyance of all her mother's property for the support and services which she was to render to her mother, and cannot maintain an action for services which she thus had rendered under a fraudulent agreement into which she had induced her mother to enter. But this contention is not sound.

There was evidence that before December 2, 1905, when the agreement and the conveyances were made, before, at and after the time of the plaintiff's marriage to her present husband, which was in March, 1905, there were talks between the plaintiff and her mother, from which the jury could find that the plaintiff was to care for and support her mother, in compliance with the latter's request, and that the mother intended to pay her for so doing. The conveyances of December, 1905, doubtless were given and received in payment for these services. These conveyances, though procured by the dominance and undue influence of the plaintiff, were valid until set aside or avoided. But when they were avoided at the suit of Mrs. Campbell through her conservator, they were avoided for all purposes, and the whole matter was as if they never had been made. All that then was left was that the plaintiff had furnished these services to her mother, at the latter's request, under such circumstances that a promise was implied by the latter to pay for them, as the jury could find. This was enough to warrant a verdict for the plaintiff. She did not ground her action upon her own fraud. Her misconduct, whether it be called fraud or not, had been undone at the instance of the party whom she had coerced, and there was left the right of action which she originally had, and in which there was, as it could be found, no fraud whatever.

The decisions relied on by the defendant do not support her

contention. *Lamb* v. *McIntire,* 183 Mass. 367, 370. *Lovejoy* v. *Bailey,* 214 Mass. 134, 155, 156. *Begbie* v. *Phosphate Sewage Co.* L. R. 10 Q. B. 491, 499. *Jones* v. *Yates,* 9 B. & C. 532. On the contrary, when Mrs. Campbell, or the conservator of her property, elected to avoid the agreement and to require a return of the property which had been conveyed to the plaintiff in payment for the benefits received and to be received by Mrs. Campbell from the plaintiff, it was incumbent upon Mrs. Campbell or her conservator to put the plaintiff *in statu quo,* that is, to restore to the plaintiff the right of action which she had given up in consideration of these conveyances. *Estabrook* v. *Swett,* 116 Mass. 303. *Ewing* v. *Composite Brake Shoe Co.* 169 Mass. 72, 73. *Neblett* v. *Macfarland,* 92 U. S. 101. And see the cases cited in *Long* v. *Athol,* 196 Mass. 497, 506. There was evidence that both Mrs. Campbell and the conservator knew that the plaintiff was to be paid for her services. The case resembles closely *James* v. *Cummings,* 132 Mass. 78, and *McKenna* v. *Twombly,* 206 Mass. 62.

The contention of the defendant that she had not rescinded the contract with the plaintiff when this action was begun, or until the entry of the final decree on the bill in equity, is without merit. She did not ask in her bill for leave to rescind, but sought to compel a return of the property which she had conveyed to this plaintiff. True, the rescission was not technically complete until the action of the court should have made it so. But Mrs. Campbell had made her election, and thereby had set aside or avoided the transaction so far as she could accomplish that. Her bringing of the bill was a notice by her that she had exercised her right to rescind the contract and thus had entitled herself to require the reconveyance which she sought. *Parker* v. *Simpson,* 180 Mass. 334, 343, citing *Thomas* v. *Beals,* 154 Mass. 51, 54.

The plaintiff is not barred from maintaining this action by the decree which was entered in the equity suit of *Campbell* v. *Lima.* This subject was not litigated or passed upon in that suit. See the opinion in 212 Mass. 11. It was not treated at the hearing in that case as having been put in issue, and this was correct. Mrs. Campbell in her bill prayed for no other accounting than for "the profit and income and receipts from the real estate and personal property" in question. The answer of this plaintiff as

defendant in that suit averred that the conveyances had been made "voluntarily . . . and out of love and affection for this defendant [Mrs. Lima], her oldest daughter, and out of gratitude for the care and services which she had rendered and full confidence that she was to render." The averment which followed, that since the execution of the conveyances the defendant (Mrs. Lima) had "faithfully and diligently carried out the trusts therein referred to, that she has tenderly cared for and supported the plaintiff in her old age, in sickness and in health; that she is entitled to be reimbursed and compensated for such care and maintenance," fairly could be construed as an allegation that she had given the intended consideration for the conveyances, and was entitled to hold the property therefor. Manifestly this averment was so treated; and the decree is decisive that she had no right to hold that property for her reimbursement and compensation. But there was no attempt and no occasion to deal with the present right of action. The case does not come within the reasoning of *Corbett* v. *Craven*, 193 Mass. 30, cited and approved in *Coyle* v. *Taunton Safe Deposit & Trust Co.* 216 Mass. 156, 161, relied on by the defendant. It is governed rather by such cases as *Watts* v. *Watts*, 160 Mass. 464, 465; *Foye* v. *Patch*, 132 Mass. 105, 110, 111; and *Burlen* v. *Shannon*, 99 Mass. 200.

The jury were not bound to say on the evidence that the plaintiff had proved merely an entire contract to support and care for her mother until the latter's death, and could not maintain an action until she had performed this contract in full, — i. e., until her mother's death.

Upon the evidence and the fact stated in the bill of exceptions that "the plaintiff elected to go to the jury on an implied contract only," the jury must have found their verdict upon that ground. If the second count alleged a special contract upon an express promise, yet, as the plaintiff did not seek to recover on that ground, the defendant has not been injured by the refusal to give her second and ninth requests. We need not consider whether the judge at the trial erred in treating the second count as alleging an implied contract.

The other requests rightly were refused.

It follows that in this action the entry must be

*Exceptions overruled.*

The second case is a supplemental bill filed to aid the decree in *Campbell* v. *Lima,* 212 Mass. 11. The prayer is that Mrs. Lima be restrained from prosecuting the foregoing action at law. From what already has been said, it is manifest that this bill cannot be maintained. The decree in the former equity suit rightly did not pass upon the matter involved in the action at law. Mrs. Lima's claim in that action did not rest upon any fraudulent contract. It was only her act in obtaining the specific compensation that in any sense could be said to be tainted with fraud. That has been avoided, and the parties have been remitted to their rights outside that agreement. There is no estoppel upon Mrs. Lima to bar her recovery. The contentions made by her counsel in their briefs in the former suit were either overruled or treated as of no consequence. They are not now material. In this suit, accordingly, the plaintiff's exceptions cannot be sustained.

A final decree ought of course not to have been entered while the exceptions were pending; and we treat the decree entered as merely an order for a decree. That order was correct.

In this suit, the entry will be

*Exceptions overruled; bill to be dismissed with costs.*