JEAN CAMERON *vs.* STATE THEATRE COMPANY.

Suffolk. March 18, 1926. — June 28, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Workmen's Compensation Act,* To whom act applies. *Contract,* What constitutes. *Agency,* Existence of relation. *Words,* "Employee."

A woman who at the invitation of the proprietor of a theatre had joined in a rehearsal of an opera, had performed in its production, and had been paid therefor, and, upon a later invitation by the proprietor, had rehearsed for another production, may be found to have been rendering the later services for such proprietor in the expectation of being compensated by him, and the proprietor may be found to have accepted the services understanding her expectation and intending to make the usual compensation when it was earned; and therefore, upon her receiving an injury during the performance of the later services, she cannot maintain an action of tort for personal injuries against the proprietor if he is a subscriber under the workmen's compensation act and she has not given the notice required by § 24 of G. L. c. 152.

TORT for personal injuries. Writ dated April 9, 1924.

In the Superior Court, the action was heard by *McLaughlin,* J., without a jury. The defendant was a subscriber under the workmen's compensation act. Other material facts found and rulings made by the judge are stated in the opinion. The judge found for the defendant and reported the action to this court.

*F. J. Good,* for the plaintiff.

*J. J. Mulcahy,* for the defendant.

WAIT, J. The findings of fact made by the judge who heard this case without a jury in the Superior Court, must

stand unless they are plainly wrong.  *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143.

There was evidence from which he could find, as he did, that there was an implied agreement between the plaintiff and the defendant that, if she should continue to rehearse satisfactorily and should appear in the performance of "The Belle of New York," she should receive an agreed compensation, and that she should obey all reasonable directions and instructions which she should receive from those in charge of the preparation and performance of the opera as to the manner in which her work was to be done.

The relation so established, the judge found, made her an employee of the defendant within the meaning of that word as defined by the workmen's compensation act, G. L. c. 152, § 1, cl. 4.  That clause, so far as here material, defines as follows: " 'Employee,' every person in the service of another under any contract of hire, express or implied, oral or written, except masters of and seamen on vessels engaged in interstate or foreign commerce, and except one whose employment is not in the usual course of the trade, business, profession or occupation of his employer."

One is in the service of another when he is so occupied that during the continuance of the relation he is bound to submit his will to the direction and control of that other in the prosecution of the occupation.  Service, however, as used in the statute, is confined to the relation of master and servant under a contract of employment.  *Humphrey's Case*, 227 Mass. 166.  The findings of the judge establish that the plaintiff, during the rehearsals and performance of the opera, expected to comply with the directions and requests of the persons placed by the defendant in charge; and it follows that she was in its service.  *Chisholm's Case*, 238 Mass. 412.  *Singer Manuf. Co.* v. *Rahn*, 132 U. S. 518, 523.  It is immaterial that service is voluntary.  *Barstow* v. *Old Colony Railroad*, 143 Mass. 535.  *Weisser* v. *Southern Pacific Railroad*, 148 Cal. 426.  *Smith* v. *Western & Atlantic Railroad*, 134 Ga. 216.

To constitute one an employee under the statute, however, the service must be under some contract of hire.  The plain-

tiff contends that no such contract, express or implied, existed here.   The conduct of the plaintiff in acting upon the invitation of the defendant to join the school of the opera, in rehearsing, in performing, and in taking compensation therefor, with the earlier production of the defendant; and in proceeding, so far as she had gone when injured, in a similar course with regard to the contemplated production of "The Belle of New York," justifies the inference that she was rendering services for the defendant in the expectation of being compensated by it.   The evidence, further, justifies the inference that the defendant was accepting her services, understanding her expectation, and intending to make the usual compensation when it was earned.

In such circumstances a finding that a contract of hiring has arisen is justified.   *James* v. *Cummings*, 132 Mass. 78. *Day* v. *Caton*, 119 Mass. 513.   *True* v. *Lebowich*, 243 Mass. 369.   *Lima* v. *Campbell*, 219 Mass. 253.

It follows that the judge was right in finding that the plaintiff was an employee of the defendant within the workmen's compensation act.   She gave no notice under that act, G. L. c. 152, § 24, to preserve her right of action at law, and, in consequence, the defendant is entitled to judgment in this proceeding.

*Judgment for defendant.*