JOSEPH S. PRUNIER & others *vs.* MORRIS L. SCHULMAN & others.

FRANK J. HAYES *vs.* SAME.

SAME *vs.* SAME.

Worcester.    September 28, 1927. — November 25, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Mechanic's Lien. Equity Jurisdiction,* To enforce mechanic's lien. *Equity Pleading and Practice,* Plea, Decree pro confesso, Equity Rule 10 (1926), Equity Rule 17 (1926). *Rules of Court.*

A subcontractor performing labor and furnishing material under a contract in writing upon land, the title to which is registered under G. L. c. 185, besides filing a notice in writing with the recorder of the Land Court, is required by G. L. c. 254, § 4, to give the owner actual notice thereof; and, if he fails to do so, such failure may be set up by the owner in a plea to a bill in equity by the subcontractor to enforce a lien, and will bar such suit.

A judge of the Superior Court has discretionary power under Equity Rule 17 (1926) to permit a defendant, in a suit in equity to enforce a mechanic's lien, to file an answer after the lapse of the ten days during which, after the overruling of a plea filed by him, he was permitted to file an answer under the provisions of Equity Rule 10 (1926).

THREE SUITS IN EQUITY to enforce mechanics' liens, filed in the Superior Court on October 25, 1926.    Material facts, pleadings, and decrees entered by order of *Lummus,* J., are described in the opinion.    The judge reported the cases to this court for determination.

*S. Seder*, for the plaintiffs.

*M. Cohan & J. H. Reid*, for the defendant, submitted a brief.

BRALEY, J.    These are suits in equity brought by the plaintiffs as subcontractors to enforce mechanics' liens for labor performed and materials furnished under contracts in writing with the principal contractor in the construction of a building on land of the defendant Schulman.    G. L. c. 254.    The land was registered under G. L. c. 185, and the deed and certificate were recorded in the registry of deeds. It is alleged that each plaintiff severally filed "in the Land Court Registration" a notice of his contract.    G. L. c. 185, §§ 58, 77, 78.    But even if notice was filed, it is also required by G. L. c. 254, § 4, that, notwithstanding such notice, the plaintiffs, who are subcontractors, must also give actual notice to the owner, and it is alleged that actual notice was given. The defendant owner, Schulman, in the first case filed a plea in bar "that the plaintiff gave no notice to your defendant of the filing of their notice of contract with the recorder of the Land Court," and in the second and third cases he also filed pleas in bar "that in the written contract between the plaintiff and the principal contractor . . . no date is fixed for the completion of said contract, and further that the plaintiff gave no notice to your defendant of the filing of his notice of contract with the recorder of the Land Court." It is plain that constructive notice to the owner by filing notice of the contract with the recorder must be followed by actual notice to the owner or no lien attaches.    G. L. c. 254, § 4.    *Webber Lumber & Supply Co.* v. *Erickson*, 216 Mass. 81.    The pleas, therefore, were legally sufficient to present the issue, whether actual notice had been given.

The plaintiffs filed replications and, issue having been joined, the court on the evidence overruled the plea in the first case and sustained the plea in the second and third cases on the ground that the plaintiff had failed to prove actual notice to Schulman of the time of filing, of which the defendant apparently knew nothing until after the labor and materials had been furnished.    The proceedings were in ac-

cord with the practice followed in *Dorsey* v. *Corkery*, 227 Mass. 498, 500. See Story, Eq. Pl. (8th Ed.) § 659.

It is contended by the plaintiffs, however, that the evidence which is reported does not support the conclusion in the second and third cases. The general rule is well settled. We cannot say, on reading the evidence, that the judge was plainly wrong, and his findings, therefore, should not be set aside. *Campbell* v. *Lima*, 212 Mass. 11.

Equity Rule 10 (1926) in so far as here material, provides that "If a plea . . . be overruled . . . the defendant shall proceed to answer the plaintiff's bill; and, if he fails to do so within ten days the plaintiff may enter an order that the same, or so much thereof as is covered by the plea . . . shall be taken for confessed." The defendant, therefore, in the first case had the right, after the plea had been overruled, to answer over. But, the defendant not having complied with the rule within the time prescribed, the plaintiff contends that the refusal of his motion for the entry of a decree *pro confesso* was error after ten days had elapsed. It may be conceded, as argued by counsel for the plaintiffs, that under the rule as framed the court had power to entertain the motion. But by Equity Rule 17 (1926) the court in its discretion may order or permit pleadings to be filed "or any proceeding to be had, at other times than are provided in these rules; and may in all cases impose just and reasonable terms upon the parties." The court had jurisdiction of the suit, and whether the defendant should be permitted to answer, even if the ten days had expired, was a question for the trial judge, in view of all the circumstances, to determine in the exercise of his discretion. *Merchants' Bank of Newburyport* v. *Stevenson*, 7 Allen, 489, 492. It follows that the denial of the plaintiffs' motion for a decree *pro confesso*, and the granting of the defendant's motion for leave to answer should not be reversed.

By the terms of the report the interlocutory decrees and orders in all the cases are affirmed, and in each of the second and third cases a final decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*