ROBERT E. FRENCH, administrator, vs. CHARLES
DUDLEY BRAY & others.

Barnstable.    January 23, 24, 1928.— March 6, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Probate Court*, Establishment of claim, Issues for jury, Findings by judge.
   *Constitutional Law*, Trial by jury.  *Jury and Jurors.  Executor and
   Administrator.   Contract*, Implied.   *Words*, "Debts."

One of the next of kin of an intestate has no constitutional right to a trial
   by jury of issues raised upon a petition by the administrator under
   G. L. c. 197, § 2, for authority to pay a claim presented by another of
   the next of kin, seeking payment for services rendered to the intestate.
The word "debt" as used in that part of G. L. c. 197, § 2, authorizing an
   executor or administrator who "is in doubt as to the validity of any
   debt which, if valid, he would have a right to pay under this section,
   . . . with the approval of the Probate Court, after notice to all persons
   interested," to "pay such debt or so much thereof as the court may
   authorize," includes debts founded upon unliquidated claims.
Although, upon an appeal from a decree of a probate court entered after
   a hearing at which the evidence was taken by a stenographer appointed
   under G. L. c. 215, § 18, it is the duty of this court to examine the
   evidence, the decision of the judge who heard the witnesses will not be
   reversed unless it is plainly wrong.
Findings of fact by a judge who heard and granted a petition by an ad-
   ministrator under G. L. c. 197, § 2, for leave to pay a claim presented by
   a daughter of the intestate for services rendered him in work for the
   household and caring for him in sickness, were *held* to have been war-
   ranted upon evidence, reported by a stenographer appointed under
   G. L. c. 215, § 18, that the intestate knew or should have known that
   the services were not rendered gratuitously.

PETITION, filed in the Probate Court for the county of
Barnstable under G. L. c. 197, § 2, on October 27, 1926.

The petition, and motions described in the opinion, were
heard by *Campbell*, J.   A decree denying the motions and
granting the petition was entered.   Certain next of kin ap-
pealed.

*W. A. Lackey*, for Charles D. Bray and another.
*J. P. Sylvia, Jr.*, for Carrie D. Bray.

CARROLL, J. This petition in the Probate. Court for Barnstable County was brought by the administrator of the estate of Charles M. Bray, late of Yarmouth, under G. L. c. 197, § 2, for authority to pay a claim presented by Carrie D. Bray, a daughter of the intestate, for services performed. By G. L. c. 197, § 2, an executor or administrator who "is in doubt as to the validity of any debt which, if valid, he would have a right to pay under this section, . . . may, with the approval of the Probate Court, after notice to all persons interested, pay such debt or so much thereof as the court may authorize." In the Probate Court a decree was entered that the claim of Carrie D. Bray should be paid by the administrator *de bonis non,* the administrator having died before the petition was adjudicated. A brother and sister of the claimant, who appeared and opposed the petition, appealed to this court.

The appellants filed in the Probate Court a motion to dismiss; this motion was denied. Their contention is that they were denied their right to a jury trial under Art. 15 of the Declaration of Rights. The parties to the proceeding in the Probate Court were the administrator, who represented the estate, and the creditor, Carrie D. Bray. Neither of these parties asked that issues be framed to be heard by a jury or complain that they were deprived of their constitutional rights. The brother and sister who opposed the granting of the petition had no right to insist on a trial by jury. Proceedings in probate courts are not according to the course of the common law and the appellants had no constitutional right to a trial by jury. *Bigelow* v. *Bigelow,* 120 Mass. 320. *Davis* v. *Davis,* 123 Mass. 590, 593.

The appellants also filed a plea to the jurisdiction; the plea was dismissed. They contend that the claim in question is not a debt within the meaning of the statute, because the claim is unliquidated. The Probate Court of Barnstable County had jurisdiction of the parties and the subject matter of the controversy. G. L. c. 197, § 2, authorizes the administrator or executor to pay the "debts" due from the estate, making no distinction between liquidated and unliquidated debts; and provides that, if the executor or administrator

is in doubt as to the validity of any debt, he may petition the Probate Court and the court may approve the payment of such debt. The intention of the statute was to include all contract debts against the estate, whether liquidated or not. It speaks of "any debt." One of the reasons for the enactment of the statute was to provide a means of determining the validity of a claim, where its justness and extent were in dispute. It would defeat the purpose of the statute to limit it to demands which were liquidated, and the language of the statute does not support this construction. *H. G. Kilbourne Co.* v. *Standard Stamp Affixer Co.* 216 Mass. 118, has no application to the case at bar. It is not an authority for the contention that the word "debt" as used in the statute we are considering includes only liquidated debts.

A stenographer was appointed under G. L. c. 215, § 18, to take the evidence, and the case is here with a full report of the evidence. Although it is our duty to examine the evidence, the decision of the judge who heard the witnesses who testified before him will not be reversed unless it is plainly wrong. *Corkery* v. *Dorsey*, 223 Mass. 97, 100. *Witherington* v. *Nickerson*, 256 Mass. 351, 354.

There was evidence that Carrie D. Bray after her mother's death devoted her time to the care of the home and the care of her father, who was then about eighty-eight years of age, and that she continued to care for him until he died. She testified that she did the entire work of the household and took care of her father in sickness. There was evidence that Miss Bray "intended to charge" for her services; that they were performed under such circumstances that her father understood or ought to have understood as a reasonable man that her services were rendered for pay and not merely gratuitously. As there was no express contract, the mere expectation of payment by the daughter did not create an implied promise to pay; but her father received the benefit of her services, and it could have been found on all the facts that he knew or should have known that her services were to be paid for. On the evidence a question of fact was presented, and there was evidence to support the judge's findings. The judge correctly ruled that the claim should be

allowed. *Spring* v. *Hulett,* 104 Mass. 591. *McKenna* v. *Twombly,* 206 Mass. 62. *Lima* v. *Campbell,* 219 Mass. 253. *Butler* v. *Butler,* 225 Mass. 22.

We have examined all the exceptions of the appellants. There was no error in the rulings of the court. The requests for rulings which were not given were denied properly. There was no error in the decree authorizing the administrator *de bonis non* to pay the sum of $2,500 to Carrie D. Bray "for services as housekeeper and nursing."

A decree is to be entered denying the motion to dismiss, and dismissing the plea to the jurisdiction. The final decree is affirmed.

*Ordered accordingly.*